**STATE of Utah, Plaintiff and Respondent,**
**v.**
**Rickey Lee JACKSON, a minor,**
**Defendant and Appellant.**

**No. 13661.**

Supreme Court of Utah.

Nov. 1, 1974.

Robert M. McRae, Hatch, McRae & Richardson, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., M. Reid Russell, William W. Barrett, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant, Rickey Lee Jackson, appeals from a decision of the juvenile court finding him guilty of manslaughter and two counts of aggravated assault. The petition was filed in the interest of the defendant who was then a person of 17 years, in the following language:

That the above named person (Rickey Lee Jackson) under eighteen years of age is within the provision of section 77 of the Juvenile Court Act of 1965 because

1. On or about August 21, 1973 at Highway 36, State of Utah, approximately one mile north of Tooele City Limits, in violation of Title 76, Chapter 5, Section 203(1)(b), U.C.A.1953, as amended 1973, said child intending to cause serious bodily injury committed an act clearly dangerous to human life, to-wit: he shot Tito Alfonso Suazo which caused the death of Tito Alfonso Suazo.

2. On or about August 21, 1973 at Tooele County, State of Utah, in violation of Title 76, Chapter 5, Section 103(1)(b), U.C.A.1953, as amended 1973, said child did intentionally or knowingly cause bodily injury to Paul Mondragen by use of a deadly weapon.

3. On or about August 21, 1973 at Tooele County, State of Utah, in violation of Title 76, Chapter 5, Section 103(1)(b), U.C.A.1953, as amended 1973, said child did intentionally or knowingly cause bodily injury to Elmer Gonzales by use of a deadly weapon.

At the outset we deal with that portion of the petition which charges the defendant with two counts of aggravated assault. In a recent decision of this court it was determined that Section 76–5–103(1) did not define a public offense. In view of the holding in that case the decision of the court below finding the defendant guilty of two counts of aggravated assault is reversed.[1]

On the night of August 21, 1973, the defendant and three companions were proceeding northerly from the city of Tooele in an automobile being operated by the defendant. At the same time, Tito Alfonso Suazo and three companions were proceeding along the same highway in an automobile being driven by Suazo. The Suazo automobile overtook and passed the defendant's automobile, and after the Suazo automobile returned to the right traffic lane the defendant's automobile collided with it. The record indicates that there were two impacts and after the second one defendant's motor stalled. After the second impact the Suazo automobile stopped and Suazo and his companions alighted from the automobile and proceeded toward the automobile of the defendant. The defendant's companion who was riding in the front seat of the automobile testified that at the time the Suazo automobile passed defendant's car, defendant asked him to hand him the gun. The companion was unable to find it, and after the automobile stopped, the defendant secured the gun from the glove compartment. As Suazo approached the defendant, the defendant fired two shots which pierced the chest of Suazo. The defendant got out of his automobile and approached the spot where Suazo had fallen. Elmer Gonzales, a companion of Suazo, grappled with the defendant from behind and he was shot by the defendant. One Paul Mondragen, also a companion of Suazo, who had been crouching behind the automobile, stood up and was shot by the defendant. There is some conflict in the evidence as to the distance

1. State v. Archuletta, Utah, 526 P.2d 911.

separating the defendant and Suazo at the time of the initial shot. The defendant's version is that Suazo grappled with him, and that he fired the shot to protect himself. Other evidence of record tends to indicate that the shots were not fired at close range.

At the conclusion of the testimony the court pronounced the defendant guilty of manslaughter, an included offense within the charge of second degree murder. The court also found the defendant guilty of two counts of aggravated assault with which we have already dealt in this opinion.

▇▇▇ The court below in announcing its decision had this to say: "The first comment I want to make is that the court has rejected the idea of the defense of self-defense. The court is not convinced from the evidence that has been produced that Rickey Jackson reasonably believed that the shooting was necessary to prevent death or bodily injury to him or the others in his car." Defendant assigns this as error claiming that the court adopted the view that the defendant had the burden of establishing the defense of self-defense. It is the law of this jurisdiction that a defendant is not required to establish his claim of self-defense beyond a reasonable doubt[2] or by a preponderance of the evidence.[3] A defendant is entitled to an acquittal if based upon the whole evidence in the case there is a reasonable doubt as to whether or not the defendant acted in self-defense. If the remark of the trial judge above referred to is taken as the sole pronouncement of the court on the matter of self-defense it might well be considered erroneous. However, the court went on to say "Rickey, let me try and explain something to you. . . . and that is, that at a certain point, even if there were a valid concept of self-defense, at a certain point you became the aggressor. The law specifies that as long as the danger exists, self-defense could be defense, but when the danger is removed then that would no longer exist. And when, if you wanted to classify Alfonso Suazo as the assailant, then at the point where he withdrew and walked around to the front of the car on the other side of the car, and you followed in pursuit, you became the aggressor." We are of the opinion that the entire remarks of the court in pronouncing its judgment does not indicate that the court acted under the erroneous assumption that the defendant had the burden of showing his defense of self-defense by either a preponderance of the evidence or beyond a reasonable doubt. The evidence supports the court's determination. The evidence reveals that the defendant at the time both vehicles were stopped on the highway and while he was seated in his automobile fired the fatal shots.

The judgment of the juvenile court is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

2. State v. Coyle, 41 Utah 320, 126 P. 305.

3. State v. Talarico, 57 Utah 229, 193 P. 860.