The STATE of Utah, Plaintiff and Respondent,

v.

J. C. WILSON, Defendant and Appellant.

No. 14731.

Supreme Court of Utah.

May 25, 1977.

Michael W. Jaenish and Brian A. White, Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant J. C. Wilson appeals from his conviction by a jury of distribution of a controlled substance, i. e., heroin, for value, in violation of 58–37–8(1)(a)(ii), U.C.A.1953. In seeking a reversal defendant's principal contention is that there was not sufficient credible evidence to warrant submitting the case to the jury, or to justify finding him guilty.

On the evening of August 6, 1975, officers Mike Roberts and Jerry Mendez and Judy Heinz, after appropriate preliminary preparations, furnished an undercover agent, Denise Giersz, with two $20 bills, took her to the vicinity of Fifth West and Second South in Salt Lake City and observed while she went into Ed's Fourth-Quarter Lounge. There she contacted defendant Wilson and gave him the $40 for a small balloon containing heroin, which she placed in her mouth and then returned to the officer's car.

Other facts in this case are sufficiently similar to those in the recent one of *State v. Shupe*[1] that no useful purpose would be served by detailing them herein; and the principles of law therein stated are applicable here.

Defendant argues that the testimony of the undercover agent, Ms. Giersz, is indispensable to his conviction; and that inasmuch as it was shown that she is a former heroin user and was being paid by the police, her testimony was so unreliable that there must necessarily have been a reasonable doubt as to his guilt.

In support of that proposition he asserts that the question of his guilt turned on whether the jury believed his testimony that he was not in Salt Lake at the time of the alleged crime, or the testimony of Ms. Giersz. In regard to his claim of alibi, this

1. Utah, 554 P.2d 1322 (1976).

is to be said: It stands on the same footing as other so-called defenses in criminal cases such as, e. g., entrapment, self-defense, lack of mental capacity, or of criminal intent. They are not defenses in the same sense as used in civil cases, where the one asserting the defense usually has a certain burden of proof. As to defenses in criminal cases the defendant has no particular burden of proof except that the evidence be such as to create a reasonable doubt of any element of the crime. The burden is upon the State to prove his guilt beyond a reasonable doubt; and if the evidence with respect to any defense, e. g., in this instance alibi, is sufficient to raise a reasonable doubt as to the defendant's guilt, he should be acquitted.[2]

■ The judging of the credibility of the witnesses and the weight of the evidence is exclusively the prerogative of the jury.[3] Consequently we are obliged to assume that the jury believed those aspects of the evidence, and drew those inferences that reasonably could be drawn therefrom, in the light favorable to the verdict. In order for the defendant to successfully challenge and overturn a verdict on the ground of insufficiency of the evidence, it must appear that upon so viewing the evidence, reasonable minds must necessarily entertain a reasonable doubt that the defendant committed the crime.[4] In applying the rules above stated to the instant case, we are not persuaded that the verdict should be overturned.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

2. See *State v. Mecham*, 23 Utah 2d 18, 456 P.2d 156 and authorities therein cited; See *State v. Whitely*, 100 Utah 14, 110 P.2d 337.

3. *State v. Canfield*, 18 Utah 2d 292, 422 P.2d 196 (1967).

4. *State v. Mills*, Utah, 530 P.2d 1272 (1975). See also *State v. Schad*, 24 Utah 2d 255, 470 P.2d 246 (1970) and *State v. Danks*, 10 Utah 2d 162, 350 P.2d 146 (1960).