The STATE of Utah, Plaintiff and Respondent,

v.

Eugene Frank TORRES, Defendant and Appellant.

No. 16629.

Supreme Court of Utah.

Oct. 17, 1980.

Bruce C. Lubeck of Salt Lake Legal Defenders Association, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant appeals from his conviction by a jury of aggravated assault with a deadly weapon upon a Salt Lake City police officer.[1]

The defendant does not deny striking the officer with the latter's nightstick, but claims that he acted in self-defense. The error he relies on is the failure of the trial court to give the jury his requested instruction to the effect that the defendant need not prove his defense by any particular degree of proof.

On the evening of September 16, 1978, Salt Lake police officer John Foster, on duty in the area of 1300 South State in Salt Lake City, endeavored to break up a fight. He then gave chase after the defendant who had been involved therein. The officer testified that defendant stopped, challenged him and then kicked him. The officer said that in repulsing that attack, he swung his nightstick at the defendant, but the latter threw him to the ground and struck him several times with the nightstick.

As is not unexpected, the defendant's version was in sharp conflict to that of officer Foster. He said that upon hearing the officer's order, he stopped and said, "I give up," but was nevertheless struck by the officer's nightstick. At that point, he admittedly grabbed the officer and threw him down. As the officer fell, he dropped his nightstick and defendant, believing the officer was going for his gun, picked up the nightstick and hit the officer three or four times. Defendant then ran away and was later apprehended and charged with aggravated assault upon the officer.

This Court has in numerous cases stated that in presenting defenses in criminal cases a defendant does not bear the burden of persuasion. It is sufficient for acquittal that the evidence or lack thereof creates a reasonable doubt as to any element of the crime. *State v. Wilson*, Utah, 565 P.2d 66 (1977); *State v. Curtis*, Utah, 542 P.2d 744 (1975); and *State v. Jackson*, Utah, 528 P.2d 145 (1974). The ultimate burden of proving the defendant's guilt beyond a reasonable doubt remains on the state, whether defendant offers any evidence in an effort to prove affirmative defenses or not. *State v. Curtis, supra.*

We are not concerned with the reasonableness, nor the credibility of the defendant's evidence relating to his claim of self defense. Each party is, however, entitled to have the jury instructed on the law applicable to its theory of the case if there is any reasonable basis in the evidence to justify it. Here, the court was justified in his view that there was such a basis in the evidence; and he instructed on the issue of self defense. In doing so, it should have been made plain to the jury that the defendant had no particular burden of proof but was entitled to an acquittal if there was any basis in the evidence from either side sufficient to create a reasonable doubt that the defendant was guilty of the offense. See statement in *State v. Wilson, supra,* and authorities cited in footnote 2 thereof.

---

1. § 76–5–103, U.C.A.1953.

The response of the prosecution to the defendant's argument is: (1) that all of the instructions must be considered together; and (2) that if this is done, the instructions as to the state's burden of proof contained in instructions no. 2, 7, 9, and 12 sufficiently informed the jury that the state had the burden of proving every element of the crime charged beyond a reasonable doubt. Notwithstanding the soundness of the first statement as a general proposition, we do not agree to its effect under the facts here. It seems neither fair nor necessary to expect or require the jury to go through such a tortuous process when that result could have been achieved by giving the defendant's requested instruction, or one of that substance.[2]

The purpose of the instructions is to set forth the issues and the law applicable thereto in a clear, concise and orderly manner, so that the jury will understand how to discharge its responsibilities. This does not appear to have been accomplished by these instructions.

In view of the fact that the court failed to give an appropriate instruction concerning the burden of proof as to self–defense, which related to an important aspect of the defendant's theory of the case, it is deemed necessary that his conviction be reversed and that the defendant be granted a new trial. No costs awarded.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

**2.** For cases which have held that the failure to properly instruct concerning the burden of proof relating to affirmative defenses is not cured by other general instructions, see *United States v. Corrigan*, 548 F.2d 879 (10th Cir. 1977); *Pratti v. United States*, 389 F.2d 660 (9th Cir. 1968); *Notaro v. United States*, 363 F.2d 169 (9th Cir. 1966); and *DeGroot v. United States*, 78 F.2d 244 (9th Cir. 1935).