**STATE of Utah, Plaintiff and Respondent,**

v.

**Paul Leo KNOLL, Defendant and Appellant.**

**No. 18857.**

Supreme Court of Utah.

Dec. 3, 1985.

---

**21.** *Delaware v. Prouse,* 440 U.S. 648, 654, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979).

**22.** *See Texas v. Brown,* 460 U.S. at 741, 103 S.Ct. at 1542.

212

Lynn R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The defendant, Paul Leo Knoll, was charged with murder in the second degree and found guilty by a jury of manslaughter. On appeal, he argues that to prove a prima facie case of manslaughter the State must prove beyond a reasonable doubt that the defendant did not act in self-defense. The defendant also argues that the evidence was insufficient to prove the killing was "unlawful" because it failed to negate the defense of self-defense, especially in view of the defendant's testimony, which was the only direct testimony on the subject, that the homicide was committed in self-defense. We affirm.

Charles Howard Wilson, the victim, and the defendant met in Salt Lake City while the two were attempting to find employment. During the morning of December 15, 1981, they met, unsuccessfully looked for work, and began drinking together. What happened thereafter was not witnessed by any third person.

At trial, defendant took the stand and testified to the events leading up to Wilson's death. Defendant testified that he and Wilson had argued over wine, that Wilson had struck defendant on the face and head, and that Knoll had tried to block the punches. The two wrestled each other to the ground, where defendant struck his head. During the course of the struggle, defendant got Wilson in a headlock and

kept asking him why he was fighting and what he was fighting about. During the scuffle Wilson succeeded in taking a knife from a scabbard on defendant's belt. When Wilson broke out of the headlock, he stabbed defendant in the back of his leg. The two men then fought for possession of the knife. When defendant was able to gain control of the knife, Wilson was on the ground without a weapon. After a further struggle for the knife, defendant was able to free his right hand from Wilson's grasp and began swinging the knife at Wilson. According to the defendant, his head was being pulled forward and down by Wilson so that defendant could not see Wilson. Claiming that he feared for his life, the defendant continued to swing the knife at Wilson until he felt that the danger was over. At that point, both men fell to the ground.

Wilson died at the scene of the altercation as a result of multiple stab wounds causing internal and external hemorrhages. Shortly after the fight the police arrested Knoll. An autopsy revealed that the stab wounds in the victim's chest were deep puncture wounds inflicted from various angles and that the cause of death was multiple stab wounds, one of which penetrated Wilson's heart and liver and was itself fatal. Wilson also suffered several skin abrasions, minor knife wounds, and tear-like teeth bites.

The trial judge instructed the jury on the elements of second degree murder, manslaughter, and on the defense of self-defense.

### I.

The defendant's argument is that the State had the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense in committing the crime of manslaughter. The argument is built upon the introductory paragraph to that part of the criminal code dealing with homicide offenses. Section 76–5–201 (Supp.1982) states: "(1) A person commits criminal homicide if he intentionally, knowingly, recklessly or with criminal negligence *unlawfully* causes the death of another." (Emphasis added.)[1] The defendant's argument, more specifically stated, is that since a homicide committed in self-defense is not "unlawful," *see* § 76–2–402 (which sets forth the elements of self-defense),[2] the State must prove beyond a reasonable doubt in all cases, regardless of the defendant's evidence, that a killing was "unlawful," *i.e.* not done by the defendant to save his own life.

The crime of manslaughter is defined by U.C.A., 1953, § 76–5–205 (Supp.1982), as follows:

(1) Criminal homicide constitutes manslaughter if the actor:

(A) Recklessly causes the death of another; or

---

1. Section 76–5–201 was amended in 1983 to eliminate the term "unlawfully." 1983 Laws of Utah, Ch. 90, § 3. See also 1983 Laws of Utah, Ch. 95, § 1 (codified as amended at U.C.A., 1953, § 76–5–201 (Supp.1985)).

2. Section 76–2–402 provides:
   (1) A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or serious bodily injury only if he reasonably believes that the force is necessary to prevent death or serious bodily injury to himself or a third person, or to prevent the commission of a forcible felony.

(2) A person is not justified in using force under the circumstances specified in paragraph (1) of this section if he:
   (a) Initially provokes the use of force against himself with the intent to use force as an excuse to inflict bodily harm upon the assailant; or
   (b) Is attempting to commit, committing, or fleeing after the commission or attempted commission of a felony; or
   (c) Was the aggressor or was engaged in a combat by agreement, unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other notwithstanding continues or threatens to continue the use of unlawful force.

(B) Causes the death of another under the influence of extreme mental or emotional disturbance ... [or]

(C) Causes the death of another under circumstances where the actor reasonably believes the circumstances provide a moral or legal justification.

Defendant's argument sweeps too broadly. Absence of self-defense is not an element of a homicide offense. As a matter of statutory construction, § 76–5–201 does not make absence of self-defense a prima facie element of a homicide crime. Rather, self-defense is a *justification* for a killing and a "defense to prosecution." § 76–2–401; *see* § 76–2–402. Furthermore, appellant's argument would force the prosecution to prove a negative in a homicide offense, a burden the law does not often impose. In short, we hold that the absence of self-defense is not one of the *prima facie* elements of homicide.

■ In so holding, however, we explicitly and firmly emphasize that this case does not alter the long-standing law of this State concerning the procedural principles that govern when and how the issue of self-defense is properly raised and the allocation of the burden of persuasion with respect to that issue; indeed, we reaffirm those rules. Although self-defense is a defense, the procedural rules that govern its pleading and proof are largely influenced by the constitutional requirements that the State must prove a criminal act beyond a reasonable doubt. *State v. Torres,* Utah, 619 P.2d 694, 695 (1980), stated long-standing principles that have been applied in this State both before and after the adoption of the present Criminal Code:

This Court has in numerous cases stated that in presenting defenses in criminal cases a defendant does not bear the burden of persuasion. It is sufficient for acquittal that the evidence or lack thereof creates a reasonable doubt as to any element of the crime. *State v. Wilson,* Utah, 565 P.2d 66 (1977); *State v. Curtis,* Utah, 542 P.2d 744 (1975); and *State v. Jackson,* Utah, 528 P.2d 145 (1974). The ultimate burden of proving the de-

fendant's guilt beyond a reasonable doubt remains on the state, whether defendant offers any evidence in an effort to prove affirmative defenses or not. *State v. Curtis, supra.*

■ In *Torres,* the Court also declared that "it should [be] made plain to the jury that the defendant had no particular burden of proof but was entitled to an acquittal *if there was any basis in the evidence from either side sufficient to create a reasonable doubt* that the defendant was guilty of the offense." *Id.* (Emphasis added.) *See also State v. Starks,* Utah, 627 P.2d 88 (1981); *State v. Wilson,* Utah, 565 P.2d 66 (1977). It follows that a defendant is not required to establish a defense of self-defense beyond a reasonable doubt, or even by a preponderance of the evidence. Our cases, both those decided since the enactment of the present criminal code in 1973, *State v. Jackson,* Utah, 528 P.2d 145, 147 (1974), and those decided prior thereto, have so held. *State v. Talarico,* 57 Utah 229, 233, 193 P. 860, 861 (1920); *State v. Kakarikos,* 45 Utah 470, 146 P. 750 (1915); *State v. Vacos,* 40 Utah 169, 182, 120 P. 497, 502 (1911). Thus, the jury may acquit even though the evidence of self-defense fell "far short of establishing the justification or excuse by a preponderance of the evidence upon the subject." *State v. Vacos,* 40 Utah 169, 181, 120 P. 497, 502 (1911). *See also State v. Jackson,* Utah, 528 P.2d 145, 147 (1974).

■ In sum, when there is a basis in the evidence, whether the evidence is produced by the prosecution or by the defendant, which would provide some reasonable basis for the jury to conclude that a killing was done to protect the defendant from an imminent threat of death by another, an instruction on self-defense should be given the jury. And if the issue is raised, whether by the defendant's or the prosecution's evidence, the prosecution has the burden to prove beyond a reasonable doubt that the killing was not in self-defense. *State v. Starks,* Utah, 627 P.2d 88, 92 (1981); *State v. Torres,* 619 P.2d at 695; *State v. Wilson,* 565 P.2d 66, 68 (1977). In fact, the prose-

cution has the same burden of proof with respect to such defenses as lack of mental capacity and alibi. *State v. Wilson*, Utah, 565 P.2d 66, 68 (1977). *See also State v. Mecham*, 23 Utah 2d 18, 456 P.2d 156 (1969); *State v. Whitely*, 100 Utah 14, 110 P.2d 337 (1941).

■ As a practical matter, a defendant may have to assume the burden of producing some evidence of self-defense if there is no evidence in the prosecution's case that would provide some kind of evidentiary foundation for a claim of self-defense. But there need only be "sufficient evidence of [the defendant's] justification to create in the minds of the jury a reasonable doubt of his culpability for the offense charged" to justify the giving of an instruction on the point. *State v. Harris*, 58 Utah 331, 199 P. 145, 147 & 148 (1921). *See also State v. Starks*, *supra*, at 92; *State v. Torres*, 619 P.2d at 695. If the jury concludes that there is a reasonable doubt as to whether a defendant acted in self-defense, he is entitled to an acquittal. *State v. Wilson*, Utah, 565 P.2d 66 (1977); *State v. Jackson*, Utah, 528 P.2d 145 (1974). In *State v. Vacos*, the court stated:

> It certainly must follow, as a logical, if not a self-evident, conclusion, that, if there exists a reasonable doubt in any case whether the accused was justified or excusable in committing a homicide, then there exists a reasonable doubt as to his guilt.

40 Utah at 181, 120 P. at 502.

■ In this case, the trial judge instructed the jury that the defendant was not required to establish the defense of self-defense by preponderance of the evidence or by the greater weight of the evidence. The instruction also stated that if the prosecution's evidence did not tend to show self-defense, then the defendant must "bring forward some evidence which tends to show self-defense" to avail himself of that defense. In addition, the jury was instructed that if there was a reasonable doubt as to whether defendant did or did not act in self-defense, then the jury should acquit. The court stated:

In other words, the burden of proof remains upon the State throughout the trial to show each and every necessary element to constitute the offense charged, and at no point in the proceedings does such burden shift; and if upon the whole of the evidence, including that produced by the defendant, or the circumstances in justification brought forth by him, or otherwise shown in evidence, the jury entertains a reasonable doubt as to the defendant's guilt of any element necessary to constitute the charged defense or one included therein, the defendant is entitled to an acquittal.

Certainly there was "some evidence" of self-defense adduced in this case that required the giving of an instruction on the State's burden of proving self-defense beyond a reasonable doubt. *State v. McCullum*, 98 Wash.2d 484, 656 P.2d 1064 (1983). Although the trial court did not give an instruction which stated that the prosecution had to prove the absence of self-defense beyond a reasonable doubt as part of its own case, we nevertheless hold that the trial court's instructions constituted a correct statement of the law.

The trial court made clear in its instructions that the defendant had no burden to adduce evidence of self-defense for the defense to be considered; that the jury should consider the defense of self-defense, whether the evidence thereof was presented by the prosecution or the defendant; that the burden of proof remained on the prosecution throughout the case; and that if the jury entertained a reasonable doubt about whether defendant acted in self-defense, it should acquit. On the basis of these instructions, we conclude that there was no error.

## II.

■ The defendant also contends that the evidence was not sufficient to justify a conviction of manslaughter because of the absence of evidence negating self-defense. We do not overlook the fact that it was the victim who first used defendant's undrawn knife to commit the first stabbing. The

jury had to determine whether the defendant's killing of Wilson was reasonable and necessary to defend himself against Wilson's "imminent use of unlawful force." § 76–2–402. That issue was not necessarily determined by defendant's protestation that he killed in self-defense. Taking the basic facts as asserted by the defendant, we observe that the defendant had disarmed Wilson when the homicide was committed, that the nature of the stab wounds themselves strongly evidence something more than just defensive action on the part of the defendant, and that they are less than fully consistent with the defendant's testimony. As we view the record, we think the jury could justifiably conclude beyond a reasonable doubt that the defendant did not commit the homicide in self-defense because defendant's acts went beyond what was reasonably necessary to defend himself.

Affirmed.

HALL, C.J., and HOWE, DURHAM, and ZIMMERMAN, JJ., concur.