2001 UT App 19

**STATE of Utah, Plaintiff and Appellee,**

v.

**Pedro GARCIA, Defendant and Appellant.**

No. 990567–CA.

Court of Appeals of Utah.

Jan. 25, 2001.

⟁300(3)

Ronald J. Yengich and Vanessa Ramos–Smith, Yengich Rich & Xaiz, Salt Lake City, for Appellant.

Mark L. Shurtleff and Karen A. Klucznik, Assistant Attorney General, Salt Lake City, for Appellee.

Before JACKSON, Associate P.J., DAVIS, and ORME, JJ.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 Garcia appeals from his conviction for manslaughter under Utah Code Ann. § 76–5–205 (1995). He relies on *State v. Torres*, 619 P.2d 694 (Utah 1980) to argue that the jury was not adequately instructed about the burden of proof associated with the affirmative defense of self-defense. The State argues that *State v. Knoll*, 712 P.2d 211 (Utah 1985) overrules *Torres* and does not require specific jury instructions on the burden of proof of self-defense. The State also asserts

that Garcia was not entitled to jury instructions on self-defense as a matter of law. The State misreads *Knoll*, which did not overrule *Torres*, but rather "explicitly and firmly emphasize[d]" that it was not altering *Torres. Id.* at 214. We find plain error in the trial court's failure to give adequate burden of proof instructions on self-defense. Accordingly, we reverse and remand for a new trial.

## BACKGROUND

¶ 2 On September 7, 1986, Appellant Pedro Garcia, visited the Acapulco Club (Club). Garcia entered the Club with a handgun. Later, inside the Club, the bouncer and eventual victim, Jose Gaitan, allegedly assaulted one of Garcia's friends. Garcia approached Gaitan, and a verbal and physical altercation ensued. Garcia pulled the gun from his waist, but returned it to its place when Gaitan backed off. Garcia testified he thought he then saw Gaitan put his hand to his waist to pull out a gun. In response, Garcia again pulled the gun from his waist, but this time fatally shot Gaitan. Garcia fled to Texas where he was arrested and extradited to Utah in 1995.

¶ 3 At trial, the State presented evidence that Garcia was the aggressor. Garcia argued he was acting in self-defense. A witness, who testified at trial, corroborated Garcia's version of the events. After beginning deliberations, the jury sent a note to the court stating it had a question about "what constitutes 'unlawful'" in jury instruction no. 20.[1] After consulting with counsel and referring to jury instruction no. 17, which defines "unlawful," the court responded to the jury in writing to explain that "unlawful" made "reference to the concept of self-defense." The court told the jury "that *if they [found]* from the evidence that self-defense exist[ed] then the shooting was legally justified and not unlawful. *If they [found]* that self-de-

fense d[id] not exist then the shooting was unlawful and without legal justification." (Emphasis added.)

¶ 4 The jury entered the court room later with the same question: "we are hung up on instruction no. 20, no.3," which explains the unlawful element of murder and manslaughter. Specifically, the jury explained that it was unclear about "the following paragraph on the reasonable doubt."[2] The court told the jury that "if you're unable to agree that the shooting was unlawful as far as one of the elements of this crime, that is murder, then you need to determine whether or not you can reach an agreement of a lesser included offense." The jury, still confused, again asked the court if it "could explain item 3 [the unlawfulness requirement] a little clearer to [them] so [they] could understand a little better." The court explained the following:

> the shooting in this case [was] unlawful unless it was as a result of self-defense, then it becomes justified and not unlawful. In other words, it's not against the law to shoot another person in self-defense if, in fact, it is self-defense.... If it was not self-defense then it is unlawful to shoot another person.

¶ 5 The confusion about the definition of "unlawful" remained. A juror asked, "If it's self-defense then is it automatically not guilty? Is that what that is? If we considered that we think he was doing it in self-defense?" The court responded, "Yes, *if you determine* that this shooting was in self-defense then it's a not guilty verdict because it's not unlawful." (Emphasis added.) Counsel for Garcia disagreed with the court's oral clarification, but after a discussion off-record, the court reiterated, "*If you determine* self-defense in this case then the verdict is not guilty as to either the initial charge or the lesser included charge because

1. Jury instruction no. 20 outlines the elements of murder and states that the killing must be "unlawful."

2. The paragraph after the unlawful element in jury instruction no. 20 reads as follows:
    If after careful consideration of all of the evidence in this case, you are convinced of the truth of each and every one of the foregoing elements

beyond a reasonable doubt, then you must find the defendant guilty of Murder as charged in the Information. If, on the other hand, you are not convinced beyond a reasonable doubt of any one or more of the foregoing elements, then you must consider the guilt or lack of guilt of the defendant with respect to the offense of Manslaughter, a lesser included offense.

the shooting is justified. Is that clear?" (Emphasis added.) The court did not mention the burden of proof when giving clarifications to the jury.

## ISSUES AND STANDARD OF REVIEW

¶ 6 Garcia asserts the jury was not adequately instructed about the burden of proof of self-defense. Because Garcia did not object on the record to the jury instructions at trial, he can only obtain relief by demonstrating plain error. *See State v. Parker*, 2000 UT 51, ¶ 6, 4 P.3d 778. Plain error requires a showing that " '(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for [Garcia].' " *Id.* at ¶ 7 (quoting *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993)). To show obviousness of the error, Garcia must show that the law was clear at the time of trial. *See State v. Ross*, 951 P.2d 236, 239 (Utah Ct.App.1997) (stating "error is not plain where there was no settled appellate law to guide the trial court").

## ANALYSIS

¶ 7 The parties present a central and decisive issue to this court: whether the trial court committed plain error by giving inadequate instructions to the jury on self-defense? This issue has been addressed in *State v. Torres*, 619 P.2d 694 (Utah 1980) and *State v. Knoll*, 712 P.2d 211 (Utah 1985). In *Torres*, the supreme court reversed Torres's conviction for aggravated assault upon a police officer because "the court failed to give an appropriate instruction concerning the burden of proof as to self-defense." *Torres*, 619 P.2d at 696. In *Knoll*, the supreme court affirmed Knoll's conviction, stating that disproving self-defense beyond a reasonable doubt was not required as part of the State's *prima facie* case of the unlawfulness element of homicide. *See Knoll*, 712 P.2d at 214. Importantly, the court in *Knoll* "explicitly and firmly emphasize[d]" that it was not altering "the long-standing law of this State concerning the procedural principles that govern when and how the issue of self-defense is properly raised and the allocating of

the burden of persuasion with respect to that issue" that was stated in *Torres*. *Id.*

### A. Self-defense Instructions

¶ 8 The State argues that, as a matter of law, Garcia was not entitled to jury instructions on self-defense. We disagree. *Knoll* states that "the absence of self-defense is not one of the prima facie elements of homicide." *Id.* However, when the defendant has presented sufficient evidence that his assertion of self-defense rises to a conscious level in the minds of jurors, he has met the quantum of evidence required to necessitate jury instructions on self-defense. "[W]hen there is a basis in the evidence, whether the evidence is produced by the prosecution or by the defendant, which would provide *some reasonable basis* for the jury to conclude that a killing was done [in self-defense], an instruction on self-defense should be given the jury." *Id.* at 214 (emphasis added); *see also Torres*, 619 P.2d at 695 (stating a party is entitled to jury instructions on self-defense "if there is *any reasonable basis* in the evidence to justify it" (emphasis added)). The "defendant's burden of proof is *quite limited*. He need not [even] prove the defense ... by a mere preponderance." *State v. Moritzsky*, 771 P.2d 688, 691 n. 2 (Utah Ct.App.1989) (emphasis added).

¶ 9 Even when the possibility that the defendant was the aggressor is evident during trial, the defendant is still entitled to self-defense instructions. *See State v. Starks*, 627 P.2d 88, 91 (Utah 1981) (stating, even though "defendant in this case armed himself and went to a location where he knew he would find the deceased does not of itself deprive him of his right to self-defense"). Under these circumstances, the jury can also be instructed "that if the defendant were found to be the aggressor he could not rely on the defense of self-defense;" but the self-defense instruction can, nonetheless, still be given to the jury. *Id.; see also Brown v. State*, 698 P.2d 671, 674–75 (Alaska Ct.App. 1985) (stating, even though evidence was presented that would indicate defendant was aggressor, some evidence was introduced that defendant acted in self-defense; thus,

jury instructions on self-defense *and* burden of proof were required).

▮ ¶ 10 At trial, Garcia testified that he knew the victim to have a reputation as "a dangerous and aggressive person," and that during the altercation that led to the killing, Garcia was "scared" and "knew [the victim] would kill" him. Further, Garcia testified that he thought he saw the victim reaching for a gun at the victim's belt. His testimony was corroborated by a witness who testified at trial. It is obvious from the written instructions submitted to the jury that the court concluded that Garcia had met or exceeded the quantum of evidence needed for self-defense instructions. Similarly, it is clear that the State had sufficiently adduced the possibility that Garcia was the aggressor to justify aggressor instructions.

## B. Burden of Proof

▮ ¶ 11 Procedural rules require "that the State must prove a criminal act beyond a reasonable doubt." *Knoll,* 712 P.2d at 214. This burden " 'remains on the state, whether defendant offers any evidence in an effort to prove affirmative defenses or not.' " *Torres,* 619 P.2d at 695 (citation omitted). If self-defense is adequately raised, "the [State] has the burden to prove beyond a reasonable doubt that the killing was not in self-defense." *Knoll,* 712 P.2d at 214. The " 'defendant does not bear the burden of persuasion.' " *Id.* (citation omitted).

▮ ¶ 12 A defendant is " 'entitled to an acquittal *if there [is] any basis in the evidence ... sufficient to create a reasonable doubt* that the defendant [is] guilty of the offense.' " *Id.* at 214 (quoting *Torres,* 619 P.2d at 695); *State v. Dunn,* 850 P.2d 1201, 1229 (Utah 1993) (same); *see also Starks,* 627 P.2d at 92 (stating defendant "need only raise a reasonable doubt as to any element of the crime to justify an acquittal"). The court in *Knoll* further confirmed *Torres* stating that "[i]f the jury concludes that there is a reasonable doubt as to whether a defendant acted in self-defense, he is entitled to an acquittal." *Knoll,* 712 P.2d at 215. Further,

"the jury may acquit even though the evidence of self-defense [falls] 'far short of establishing the justification or excuse by a preponderance of the evidence upon the subject.' " *Id.* at 214 (quoting *State v. Vacos,* 40 Utah 169, 181, 120 P. 497, 502 (1911)).

## C. Jury Instructions

▮ ¶ 13 Jury instructions must be evaluated as a whole to determine their adequacy. In *Torres,* the supreme court observed the soundness of the "general proposition" that "all of the [jury] instructions must be considered together." *Torres,* 619 P.2d at 696. We recently repeated that " '[t]his court will affirm when the instructions, taken as a whole, fairly tender the case to the jury [even where] one or more of the instructions, standing alone, are not as full or accurate as they might have been.' " *State v. Tuckett,* 2000 UT App 295,¶ 9, 13 P.3d 1060 (quoting *State v. Garrett,* 849 P.2d 578, 580 (Utah Ct.App.1993) (second alteration in original)). The court in *Knoll* summed up the requirement well, stating that as long as the "trial court's instructions constituted a correct statement of the law," the instructions are upheld. *Knoll,* 712 P.2d at 215.[3]

¶ 14 In *Knoll,* the supreme court underscored the importance of its prior statement in *Torres* that burden of proof instructions " 'should [be] made plain to the jury....' " *Id.* at 214 (quoting *Torres,* 619 P.2d at 695); *see also United States v. Corrigan,* 548 F.2d 879, 882 (10th Cir.1977) ("The question is whether the instructions, taken as a whole, *adequately informed the jury* that prosecution's burden of proof beyond a reasonable doubt applied to defendant's affirmative defense." (Emphasis added.)). Here, the record reveals that after having received written instructions, stipulated written clarifications, and further oral clarifications, the jury remained confused about the burden of proof of self-defense. The trial court failed to make the burden of proof instructions "plain to the jury." *Id.*

---

**3.** The jury instruction constituting "a correct statement of the law" was, according to the court in *Knoll,* "that if there was a reasonable doubt as to whether defendant did or did not act in self-defense, then the jury should acquit." *Knoll* 712 P.2d at 215.

¶ 15 The trial court's final attempt to clarify the burden of proof of self-defense was its response to the following questions from the jury: "If it's self-defense then is it automatically not guilty? Is that what that is? *If we considered that we think he was doing it in self-defense?*" (Emphasis added.) The court responded, "Yes, *if you determine* that this shooting was in self-defense then it's a not guilty verdict because it's not unlawful." (Emphasis added.) Although counsel for Garcia disagreed with the court's explanation, the court stood by its characterization of the "unlawful" element of homicide and self-defense.

¶ 16 While the written jury instructions generally informed the jury correctly of the general burden of proof and of who carried it, the record reflects the jury's confusion on the burden of proof of self-defense. The instructions and clarifications were not adequate. Jurors could have inferred from the clarifications that the burden of proof was on either party. Their obvious confusion was not cleared away, rather it was exacerbated. The problem in the jurors' minds was that the burden of proof required for affirmative defenses is counter-intuitive. The State is required in this instance to disprove the affirmative proposition of self-defense, not just prove guilt, beyond a reasonable doubt. This counter-intuitive nature of thinking about self-defense and other affir-

mative defenses produces the need for special jury instructions. When the defendant has reached the threshold to merit self-defense instructions, those instructions must clearly communicate to the jury what the burden of proof is and who carries the burden.[4] Trial courts should separately instruct each jury clearly that the State must disprove self-defense, and other affirmative defenses, beyond a reasonable doubt.

### D. Plain Error

¶ 17 "To demonstrate plain error, [Garcia] must show an error occurred that should have been obvious to the trial court and that prejudiced the outcome of his trial." *State v. Litherland*, 2000 UT 76, ¶ 31, 12 P.3d 92 (citing *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993)). Initially, as has been explained, the trial court erred by not giving adequate instructions to the jury about the burden of proof of self-defense. Next, we address obviousness.

¶ 18 To show obviousness of the error, Garcia must show that the law was clear at the time of trial. *See State v. Ross*, 951 P.2d 236, 239 (Utah Ct.App.1997) (stating, "error is not plain where there was no settled appellate law to guide the trial court"). Utah law was settled prior to Garcia's trial: *Torres* held that failure to adequately instruct the jury "concerning the burden of proof as to

---

4. The State argues that no burden of proof instruction is required by Utah law. The State contends that (1) the court in *State v. Knoll*, 712 P.2d 211 (Utah 1985), found no error even though the trial court did not instruct the jury specifically that the State had to prove absence of self-defense beyond a reasonable doubt, and that (2) *State v. Dunn*, 850 P.2d 1201 (Utah 1993), held that *State v. Torres*, 619 P.2d 694 (Utah 1980), was not clear. The State's interpretations misstate the law.

In *Knoll*, the jury was instructed "that if there was a reasonable doubt as to whether defendant did or did not act in self-defense, then the jury should acquit." *Knoll* 712 P.2d at 214. "Although the trial court did not give an instruction which stated that the prosecution had to prove the absence of self-defense beyond a reasonable doubt as part of its own case," the jury instruction directly addressed the burden of proof of self-defense and thus "constituted a correct statement of the law." *Id.* at 214–15. The court in *Knoll* only held that disproving self-defense beyond a reason-

able doubt was not part of the State's *prima facie* case of homicide. *See id.* Moreover, the court in *Knoll* "explicitly and firmly emphasize[d]" that it was not altering *Torres*. *Id.* at 214.

In *Dunn*, the court did not hold, as the State suggests in its brief, that the language in *Torres* was not "clear enough to establish that Dunn's trial counsel fell below the standard of reasonable professional assistance by failing to request the contested instruction." *Dunn*, 850 P.2d at 1229. The trial court in *Dunn* stated that even if the court were to rule the language was clear enough to overcome the high standard of ineffective assistance of counsel, the court could not say "that but for the error, there [was] a reasonable probability that the verdict would have been more favorable to him." *Dunn*, 850 P.2d at 1229. Thus, the *Dunn* court affirmed the conviction because of the weakness of Dunn's harmfulness argument, and not because of the weakness of either error or obviousness prongs of the plain error test.

self-defense," is reversible error and requires a new trial. *Torres*, 619 P.2d at 696. *Knoll* "explicitly and firmly emphasize[d]" that it was not altering "the long-standing law of this State concerning the procedural principles that govern when and how the issue of self-defense is properly raised and the allocating of the burden of persuasion with respect to that issue" that was stated in *Torres*. *Knoll*, 712 P.2d at 214. No subsequent case has altered the holdings in *Torres* and *Knoll*.[5] Thus, failure to adequately instruct a jury about the burden of proof of self-defense is obvious error.

¶ 19 Finally, " 'error is harmful [if] absent the error, there is a reasonable likelihood of a more favorable outcome for [Garcia].' " *State v. Parker*, 2000 UT 51,¶ 7, 4 P.3d 778 (quoting *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993)). Here, some evidence was introduced by Garcia that he acted in self-defense. His testimony was corroborated by a witness who testified at trial. Because the jury instructions did not adequately address the burden of proof with self-defense, "the jury could have inferred that the burden of proof ... was on [Garcia] or that it required something less than [disproving self-defense] beyond a reasonable doubt. We cannot say the jury did take this inference ... but the possibility is too great to allow the conviction to stand." *United States v. Corrigan*, 548 F.2d 879, 883–84 (10th Cir.1977). Had the burden of proof of self-defense been adequately explained to the jury, it is reasonably likely that the jury could have entertained a reasonable doubt as to whether Garcia acted in self-defense, thus requiring acquittal. Because the trial court committed an error that was both obvious and prejudicial, we conclude that °the trial court committed plain error.[6]

### CONCLUSION

¶ 20 The law in Utah requires a trial court to adequately instruct the jury about the burden of proof for self-defense when the defendant presents the quantum of evidence necessary to assert self-defense. *See State v. Torres*, 619 P.2d 694, 695 (Utah 1980); *State v. Knoll*, 712 P.2d 211, 214–15 (Utah 1985). Here the trial court erred by failing to do so. The error was obvious because the law was clear at the time of trial. Finally, the error was harmful because we cannot say that the jury did not mistakenly consider the burden of proof of self-defense to be on the defendant; thus, absent this error, there was a reasonable possibility of a more favorable outcome for Garcia.

¶ 21 Because we find plain error in the jury instructions, we need not reach Garcia's other arguments. Accordingly, we reverse and remand for a new trial.

¶ 22 WE CONCUR: JAMES Z. DAVIS, Judge, GREGORY K. ORME, Judge.

---

**5.** *See* text accompanying note 4.

**6.** Many states agree with the proposition that if the jury is not instructed clearly on the burden of proof of self-defense, the omission constitutes plain error. *See e.g., Government of Virgin Islands v. Smith*, 949 F.2d 677, 680 (3rd Cir.1991) (applying Virginia state law); *Brown v. State*, 698 P.2d 671, 675 (Alaska Ct.App.1985); *State v. Janes*, 982 P.2d 300, 303, 304 (Colo.1999); *Coley v. State*, 220 Ga.App. 468, 469 S.E.2d 513, 516 (1996); *Raines v. State*, 79 Hawai'i 219, 900 P.2d 1286, 1292 (1995); *State v. Evans*, 278 Md. 197, 362 A.2d 629, 635 (1976); *Commonwealth v. Rodriguez*, 370 Mass. 684, 352 N.E.2d 203, 206–08 (1976); *Infantolino v. State*, 414 A.2d 793, 795–97 (R.I.1980); *State v. Green*, 538 N.W.2d 698, 704 (Minn.Ct.App.1995); *Barone v. State*, 109 Nev. 778, 858 P.2d 27, 28–29 (1993); *State v. Parish*, 118 N.M. 39, 878 P.2d 988, 994–95 (1994) and *State v. Acosta*, 123 N.M. 273, 939 P.2d 1081, 1087–88 (N.M.Ct.App.1997); *State v. Olander*, 575 N.W.2d 658, 664–65 (N.D.1998); *State v. Summers*, 120 Wash.2d 801, 846 P.2d 490, 499–501 (1993).