IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110775-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 13, 2012) |
| Loren Okuly, | ) | |
| | ) | 2012 UT App 347 |
| Defendant and Appellant. | ) | |

-----

Third District, West Jordan Department, 101402100
The Honorable Bruce C. Lubeck

Attorneys:      Peter D. Goodall, Salt Lake City, for Appellant
                Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee

-----

Before Judges Thorne, McHugh, and Roth.

¶1      Defendant Loren Okuly appeals his conviction of criminal mischief, a class B misdemeanor. We affirm.

¶2      Okuly claims that the record as supplemented by the district court is not adequate for appellate review. During this appeal, Okuly moved for a remand under rule 11(h) of the Utah Rules of Appellate Procedure to address gaps in the transcript resulting from equipment malfunction. On remand, Okuly contended that the record could not be reconstructed. Based upon information from the State and the court's own notes, the district court prepared an order pursuant to rule 11(h) intended to supplement the transcript. The order stated that either party could object and that "[o]therwise this order shall be part of the record on appeal." Okuly did not object to the statement, as required by rule 11(h) and the district court's order. Accordingly,

Okuly failed to preserve any challenge to the accuracy or adequacy of the reconstructed record. *See State v. King*, 2010 UT App 396, ¶ 57, 248 P.3d 984 (concluding that a claim of inadequate record failed where the trial court reconstructed the record in a reliable way and the appellant did not challenge the content of the reconstruction). Furthermore, Utah law "does not require a complete record so appellate counsel can go fishing for error; it only requires that there be a record adequate to review specific claims of error already raised." *State v. Russell*, 917 P.2d 557, 559 (Utah Ct. App. 1996). Okuly has not demonstrated that the record as reconstructed is inadequate to allow him to assert the issue he raises on appeal.

¶3     Okuly claims that the district court erred in failing to give a jury instruction regarding justification as a defense to criminal mischief because he grabbed the alleged victim's cell phone to prevent her from using it against him as a weapon. A person commits criminal mischief if that person intentionally damages, defaces, or destroys the property of another. Utah Code Ann. § 76-6-106(2)(c) (LexisNexis 2012). The district court refused to give the requested instruction, reasoning that self-defense is not a justification for criminal mischief. We need not reach that issue because there was no basis in the evidence to support giving the requested instruction. *See State v. Torres*, 619 P.2d 694, 695 (Utah 1980) (stating that each party is entitled to have the jury instructed on the law applicable to its theory of the case if there is any reasonable basis in the evidence to justify it). At trial, Okuly testified that he removed the phone from the victim's hand to prevent her from hitting him with it, but he did not claim that he intentionally damaged it in self-defense. Okuly's claim on appeal that the phone suffered damage when he took it from the victim's hand was not a claim he made in the district court. Similarly, Okuly did not argue in the district court, as he does on appeal, that it was a sufficient basis for the trial court to give the requested justification instruction that he intended to remove the phone from his alleged attacker's hand, even if he did not also intend to damage the phone to prevent it from being used as a weapon. Finally, the claim on appeal that because the jury later convicted him of criminal mischief, it must have found that he had the requisite intent for the offense and therefore there was a rational basis to give a self defense instruction is simply not persuasive. Because Okuly did not assert a self-defense theory before the district court with supporting evidence that would have justified giving the instruction, the district

court did not err in refusing to give the requested justification instruction.[1] Accordingly, we affirm.

_____

William A. Thorne Jr., Judge

_____

Carolyn B. McHugh, Judge

_____

Stephen L. Roth, Judge

---

[1]Our determination is limited to the request for a justification instruction pertaining to the criminal mischief charge. As the State notes, a self-defense instruction likely would be appropriate pertaining to an assault charge.