2014 UT App 168

Henry Louis JACKSON, Petitioner
and Appellant,

v.

STATE of Utah, Respondent
and Appellee.

No. 20130357–CA.

Court of Appeals of Utah.

July 25, 2014.

Henry Louis Jackson, Appellant Pro Se.

Sean D. Reyes and Brett J. DelPorto, for Appellee.

Before Judges STEPHEN L. ROTH, JOHN A. PEARCE, and RUSSELL W. BENCH.[1]

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. Jackson also asserts briefly that the trial court erred when it dismissed several other claims as barred. He did not identify those claims or argue specifically about how the court erred in

Decision

PER CURIAM:

¶1 Henry Louis Jackson appeals the trial court's order granting the State's motion to dismiss his petition for postconviction relief. We affirm.

¶2 On appeal, Jackson asserts that the trial court erred in dismissing two claims of ineffective assistance of trial and appellate counsel.[2] First, he challenges a jury instruction regarding self-defense and the State's burden of proof and asserts that trial and appellate counsel were ineffective for failing to raise this issue. Second, he argues that the trial court committed structural error by preventing Jackson from testifying to present evidence of self-defense and that trial and appellate counsel were ineffective for failing to raise the issue. Although Jackson asserts trial counsel's ineffectiveness in these issues, because he was represented by different counsel on direct appeal, to reach the issues he must show that appellate counsel was ineffective for failing to raise them on direct appeal. *See* Utah Code Ann. § 78B–9–106(1)(c) (LexisNexis 2012); *Kell v. State*, 2008 UT 62, ¶21, 194 P.3d 913. To establish ineffective assistance of appellate counsel, Jackson must show that an overlooked issue was "obvious from the trial record and ... probably would have resulted in a reversal on appeal." *Lafferty v. State*, 2007 UT 73, ¶39, 175 P.3d 530. He has not met his burden.

¶3 Jackson asserts that trial counsel was ineffective because counsel failed to object to a self-defense jury instruction that did not clearly express the burden of proof. To prevail, this alleged "failure" must be obvious from the trial record. *See id.* However, it appears that Jackson's trial counsel was the proponent of the identified instruction and successfully included it in the jury instructions over the State's objection. According-

dismissing them. Accordingly, we do not reach this issue because it is inadequately briefed. *See* Utah R.App. P. 24 (setting forth briefing standards); *Allen v. Friel*, 2008 UT 56, ¶16, 194 P.3d 903 (stating that "[w]e cannot rule on an issue that has been merely mentioned and not briefed in any way").

ly, Jackson's characterization of the issue is not obvious from the trial record.

¶ 4 Furthermore, the issue would not have resulted in reversal on direct appeal because the jury instructions correctly stated that the burden of proof beyond a reasonable doubt remained with the State. "Jury instructions must be evaluated as a whole to determine their adequacy." *State v. Garcia,* 2001 UT App 19, ¶ 13, 18 P.3d 1123. "[A]s long as the 'trial court's instructions constituted a correct statement of the law' the instructions are upheld." *Id.* (quoting *State v. Knoll,* 712 P.2d 211, 215 (Utah 1985)). Although the jury instruction challenged here did not use the language Jackson suggests in his petition, the instruction correctly stated the law and burden of proof, especially when considered with other instructions setting forth the elements of the crimes charged and the State's burden to prove the elements beyond a reasonable doubt. The trial court made clear that Jackson did not bear the burden to establish self-defense and that "if there was a reasonable doubt as to whether [the] defendant did or did not act in self-defense, then the jury should acquit." *State v. Knoll,* 712 P.2d 211, 215 (Utah 1985).

¶ 5 Jackson also argues that the trial court inappropriately prevented him from testifying and that trial and appellate counsel were ineffective for failing to raise the issue. Jackson decided not to testify at trial to avoid the introduction of his prior conviction for murder as impeachment evidence. He asserts that the trial court erred in ruling that the evidence of his prior conviction would be admissible if he testified[3] and that this ruling interfered with his right to present a defense.

¶ 6 Utah appellate courts have rejected arguments like Jackson's that a trial court's evidentiary ruling forced a choice not to testify and thus deprived him of due process.

---

**3.** Jackson does not adequately brief a challenge to the evidentiary ruling under the standards of rule 404(b) of the Utah Rules of Evidence. Accordingly, he has not shown that the evidentiary ruling was error.

**4.** To the extent that Jackson raises other issues, we determine them to be without merit and do not address them further. *State v. Carter,* 776

*See State v. Gentry,* 747 P.2d 1032, 1036 (Utah 1987); *State v. Kirkwood,* 2002 UT App 128, ¶ 15, 47 P.3d 111. Here, similar to those cases, Jackson

> "misconstrues the nature of the constitutional right in question. The Constitution affords an accused a choice: he may refuse to become a witness, or he may elect to take the witness stand and testify in his own behalf. . . . [Jackson] having exercised his constitutional right to remain silent and not testify, cannot now be heard to complain that the court forced the choice upon him and thereby denied him due process."

*Kirkwood,* 2002 UT App 128, ¶ 15, 47 P.3d 111 (quoting *Gentry,* 747 P.2d at 1036). Because Jackson's argument has been rejected, neither trial nor appellate counsel were ineffective in failing to raise the issue. *Parsons v. Barnes,* 871 P.2d 516, 525 (Utah 1994) (holding that the failure to raise a futile issue does not constitute ineffective assistance of counsel).

¶ 7 Affirmed.[4]

P.2d 886, 888 (Utah 1989) ("[T]his court need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal. Rather it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.").