2000 UT 51

**STATE of Utah, Plaintiff and Appellee,**

v.

**John Joseph PARKER, Defendant and Appellant.**

No. 980273.

Supreme Court of Utah.

June 16, 2000.

Jan Graham, ·Att'y Gen., Marian Decker, Asst. Att'y Gen., Salt Lake City, Richard Shepherd, Jennifer Barton, Deputy Salt Lake County Att'ys, for plaintiff.

Ronald J. Yengich, Vanessa Ramos–Smith, Salt Lake City, for defendant.

DURHAM, Justice:

## INTRODUCTION

¶ 1 John Joseph Parker appeals from a judgment entered on a jury verdict finding him guilty of murder, a first degree felony, in violation of Utah Code Ann. § 76–5–203. Parker raises four claims of error: (1) the trial judge's improper comments on the evidence; (2) ineffective assistance of counsel; (3) the trial court's failure to admit out-of-court statements; · and (4) the trial court's failure to give the jury instructions requested by appellant. We affirm.

## BACKGROUND

¶ 2 On October 24, 1997, Parker and his friends, Bryan and Korey Killpack, left their home in Utah County and traveled to Midvale to buy drugs. During negotiations, Parker and Forentino Gonzales, a drug dealer, became involved in a heated argument, and Gonzales reached through the car window and punched Parker in the face. Parker got out of the car, scuffled with Gonzales, and stabbed him three times. Parker ran back to the car, and, together with the Killpacks, returned immediately to ·Bryan's house in Utah County. Gonzales died as a result of his wounds.

¶ 3 Prior to trial, the State filed a motion in limine to suppress exculpatory statements Parker made after the incident. During this hearing, Parker's attorney proffered that Katrina Killpack, Bryan's wife, would testify that when Parker arrived at her house in American Fork he (1) was acting in an emotional manner, (2) said he had been attacked and he had stabbed someone, and (3) said the stabbing was in self-defense. Parker argued that the State opened the door for the admission of these statements by offering *inculpatory* statements made during the same conversation. The trial judge held that the exculpatory statements amounted to hearsay, and that they could not be admitted

into evidence under the exceptions to the hearsay rule unless and until Parker testified to them and therefore could be cross-examined.

¶ 4 During the voir dire examination of the jury panel, one of the potential jurors (an airline pilot) entered into a discussion with the trial judge regarding knives. The discussion concerned the propriety of carrying a certain size knife into an airplane. The trial judge informed the jury panel that he carried a pocket knife and then showed the jury the blade. The trial judge further commented that his knife was "probably as thick a pocket knife that a fellow really ought to carry." The judge's knife was three inches long; the knife used by the defendant was five inches long. The empaneled jury was instructed at the beginning of trial that "no statement or ruling of the court was intended to indicate any opinion of the Court concerning the facts."

¶ 5 At the close of trial, Parker requested that certain specific instructions dealing with self-defense and jury unanimity be given to the jury. The trial court denied this request. Ultimately, the jury rendered a verdict of guilty on the charge of murder.

## ANALYSIS

### I. TRIAL JUDGE'S COMMENTS

¶ 6 Parker first argues that the trial judge's comments during the jury voir dire were comments on the evidence that prejudiced the minds of the jurors against him. He also argues that the comments effectively discounted his self-defense argument, since the trial judge basically stated that Parker had no legitimate reason to possess a knife like the one he was carrying. In response, the State argues that, because Parker did not object to the trial judge's remark, Parker must now demonstrate that it amounted to plain error. We agree with the State. While the trial judge's comment was not proper, Parker failed to object and must show that the trial judge's remarks amounted to plain error.

¶ 7 To establish the existence of "plain error" and obtain relief from an al-

leged error that was not properly objected to, Parker must show the following: "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for [Parker]." *State v. Dunn,* 850 P.2d 1201, 1208 (Utah 1993). Here, even if we assume that the trial judge's comments amounted to obvious error, Parker has not shown that he suffered any prejudice, nor has he shown that absent the error there is a reasonable likelihood that there would have been a more favorable result for him.

¶ 8 Rule 19(d) of the Utah Rules of Criminal Procedure provides that the trial court "shall not comment on the evidence in the case, and if the court refers to any of the evidence, it shall instruct the jury that they are the exclusive judges of all questions of fact." Consistent with rule 19(d), the trial court's instructions to the jury in this case included an admonition that the jury not be influenced by any statement which they may have interpreted as indicating the trial court's views on the evidence. *See State v. Alonzo,* 973 P.2d 975, 980 (Utah 1998) (finding no prejudice resulted from trial court comments on the evidence at trial in part because any perception of favoritism was cured by the trial court's subsequent instruction that the jurors were the ultimate fact finders). Therefore, any improper impressions created by the trial judge's comments were remedied by the jury instructions, and there was no prejudice to Parker.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

¶ 9 Second, Parker argues that his trial counsel was ineffective in not objecting when the trial judge made comments regarding the size of the knife used by Parker and compared it with his own knife.

¶ 10 The prejudice test for ineffective assistance of counsel claims is equivalent to the harmfulness test applied in assessing plain error. To show ineffective assistance of counsel, a defendant must

(i) identify specific acts or omissions by counsel that fall below the standard of

reasonable professional assistance when considered at the time of the act or omission and under all the attendant circumstances, and (ii) demonstrate that counsel's error prejudiced the defendant, i.e., that but for the error, there is a reasonable probability that the verdict would have been more favorable to the defendant.

*State v. Dunn,* 850 P.2d 1201, 1225 (Utah 1993). In determining whether counsel's performance was deficient, this court held in *Dunn* that "we presume that counsel has rendered adequate assistance.... Thus, if the challenged act or omission might be considered sound trial strategy, we will not find that it demonstrates inadequacy of counsel." *Id.* (citation omitted).

¶ 11 In this case, we cannot say that the failure of trial counsel to object amounts to ineffective assistance. In context, counsel may have reasonably believed that any objection would have placed undue and unfavorable emphasis on the judge's remark, especially because the remark was made casually and in passing. It is conceivable that Parker's attorney made a deliberate and tactical choice in not focusing the jury's attention on the trial judge's improper comments by objecting. Therefore, Parker fails to establish prejudice for purposes of his claim of ineffective assistance of counsel.

### III. OUT–OF–COURT STATEMENTS

¶ 12 As to Parker's third claim of error, Parker argues that the trial court erred in failing to admit his exculpatory statements, while admitting inculpatory statements made at the same time. To resolve Parker's claim of error, we must consider the admissibility of two separate sets of out-of-court statements: (1) inculpatory statements made by Parker during the ride back to American Fork; and (2) exculpatory statements made by Parker in American Fork, forty minutes after the incident.

¶ 13 The standard of review when considering the admissibility of out-of-court statements under the Utah Rules of Evidence depends on "whether the trial court's analysis involves a factual or legal determination or some combination thereof." *Hansen*

*v. Heath,* 852 P.2d 977, 978 (Utah 1993) (footnote omitted). In the present case, we conclude that the trial court's admission of the inculpatory statements and exclusion of the exculpatory statements both required factual findings as to the nature, content, and timing of the statements. We therefore apply a clearly erroneous standard of review to those findings. In particular, the trial court's admission of the inculpatory statements turned on the factual determination of whether Parker in fact made the statements at issue. Moreover, the trial court's exclusion of the exculpatory statements turned on its factual determinations regarding the reliability of these statements.

#### A. Inculpatory Statements

¶ 14 Under Utah Rule of Evidence 801(d), "[a] statement is not hearsay if ... (2) ... [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity." At trial, Korey Killpack testified about the inculpatory statements made by Parker:

Q. During the drive did John say anything?

A. [H]e had spoke to the Hispanic saying, Your homey's going to die....

Q. What other statements did he make about the stabbing?

A. He said that he mopped that guy. And that he would have mopped all those guys. And then another comment was his buddies didn't even do anything, they were too scared.

¶ 15 Based on the foregoing, we hold that the trial court did not err in admitting the inculpatory statements made by Parker. These statements were not hearsay and thus did not have to qualify for an exception to the hearsay rule. Instead, these statements were Parker's own statements offered by the State against him and thus, according to rule 801(d), were not excludable hearsay.

#### B. Exculpatory Statements

¶ 16 According to rule 801 of the Utah Rules of Evidence, "[h]earsay is a statement, other than one made by the declarant while

testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In dealing with out-of-court statements, " '[t]he crucial question in all cases is whether the statement was made while the declarant was still under the influence of the event to the extent that his statement could not be the result of fabrication[,] intervening actions, or the exercise of choice or judgment.' " *State v. Kaytso*, 684 P.2d 63, 64 (Utah 1984) (quoting *Johnston v. Ohls*, 76 Wash.2d 398, 457 P.2d 194 (1969)).

¶ 17 In the present case, Parker made the exculpatory statements forty minutes after the incident, upon returning to American Fork.[1] We note that Korey Killpack's testimony included a statement that during the drive back to American Fork, Parker said that he wanted to get rid of the knife. This earlier statement, combined with the passage of the forty-minute period before Parker got to American Fork, indicates that he likely had been thinking about the stabbing, and undercuts the possibility that what he said in American Fork was immediately influenced by the underlying event. Thus, because there was evidence undercutting the reliability of the exculpatory statements, and because Parker was unable to present any evidence to show that he was still under the influence of the event to the extent that his statements could not be the result of fabrication, intervening actions, or the exercise of choice or judgment, the trial court's ruling excluding the exculpatory statements was proper.

## IV. JURY INSTRUCTIONS

¶ 18 The last issue raised by Parker is that the trial court failed to give his requested jury instructions on self-defense and jury unanimity. Parker claims that the instructions given (1) did not adequately state that he had no burden in proving self-defense, (2) did not state that the jury should take into account Parker's belief that Gonzalez's friends posed a threat to his life, and (3) did not explain that the jurors must be unanimous as to each element of the charged offense.

¶ 19 Generally, "a defendant is not entitled to an instruction which is redundant or repetitive of principles enunciated in other instructions given to the jury." *State v. McCumber*, 622 P.2d 353, 359 (Utah 1980) (footnote omitted). We review a trial court's refusal to give a jury instruction for correctness. *See State v. Hamilton*, 827 P.2d 232, 238 (Utah 1992).

¶ 20 After comparing Parker's requested instructions to the instructions actually given to the jury, we conclude that, based on the correctness standard, the trial court properly refused to give the requested jury instructions because the principles governing self-defense and jury unanimity were adequately conveyed by the instructions given. As we held in *State v. James*, 819 P.2d 781, 799 (Utah 1991), "the trial court does not err in refusing to give a requested instruction if the point is properly covered in other instructions presented to the jury." *Id.* (footnote omitted).

## CONCLUSION

¶ 21 Based on the foregoing analysis, we reject all of Parker's claims of error and affirm his conviction.

¶ 22 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in the opinion of Justice DURHAM.

---

**1.** Appellant's opening brief implies that defendant made exculpatory statements during the car trip from Midvale to American Fork. Our careful review of the transcripts of the preliminary hearing, the hearing on the motion in limine, and the trial, however, demonstrates that the statements in question (namely the exculpatory ones) were not made in the car, but rather in the apartment in American Fork.