IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Roger van Frank, | ) | OPINION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20100861-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 12, 2012) |
| Salt Lake City Corporation, a municipal | ) | |
| corporation, | ) | 2012 UT App 188 |
| | ) | |
| Defendant and Appellee. | ) | |

-----

Third District, Salt Lake Department, 080919752
The Honorable Kate A. Toomey

Attorneys:    Jeffrey L. Silvestrini and Justin D. Hatch, Salt Lake City, for Appellant
J. Wesley Robinson, Salt Lake City, for Appellee

-----

Before Judges McHugh, Thorne, and Christiansen.

THORNE, Judge:

¶1     Plaintiff Roger van Frank appeals from the district court's decisions granting Salt Lake City Corporation's (the City) motion for summary judgment and denying van Frank's summary judgment motion. Van Frank also appeals from the court's decision denying his motion for a new trial or to reconsider. We affirm the district court's dismissal of van Frank's claims.

BACKGROUND

¶2    In 2006, van Frank, a licensed architect, entered into a contract with Mr. Thomas to provide architectural services.[1] Presumably van Frank prepared architectural plans, which Thomas then included in his application for a building permit submitted to the Salt Lake City Building Services and Licensing Division (the Division). The Division denied Thomas a building permit, allegedly based upon the lack of a certified engineer's calculations. In 2007, van Frank entered into a contract with Mr. William Buchanan to provide architectural services to design a garage with a loft. Van Frank prepared the architectural plans, which Buchanan included in his application for a building permit submitted to the Division. The architectural plans included structural support calculations van Frank had performed for the loft's floor system. The Division conditionally denied Buchanan a building permit based upon van Frank's calculations.[2] Buchanan obtained the required endorsement of a structural engineer certifying that the floor system van Frank designed was safe. Thereafter, the Division issued a building permit to Buchanan.

¶3    In 2008, van Frank filed a complaint in the Third District Court against the City and Orion Goff, the Division's director,[3] seeking redress for harm done to him when the Division allegedly imposed unauthorized restrictions on the scope of his architect's license. Van Frank complained that such actions by the Division deprived him of a property right without due process. Van Frank also sought an injunction prohibiting the Division from making further determinations limiting the scope of an architect's work.

¶4    In 2010, the City filed a motion for summary judgment based on the grounds that van Frank failed to state a claim upon which relief may be granted, lacked standing to sue the City, had failed to exhaust his administrative remedies, and that no due process constitutional violation had occurred. Van Frank filed a reply brief and a cross-motion for summary judgment, seeking damages and a permanent injunction against the City

---

1. Van Frank provides only the surname of this client and limited information about the Thomas matter.

2. The City clarified in its appellate brief that the building permit was denied, at least in part, because the Division required a structural engineer's opinion regarding certain of van Frank's calculations.

3. Van Frank filed an amended complaint in 2009, listing only the City as a defendant.

for its alleged violation of his substantive due process rights. The district court held a hearing on the parties' motions for summary judgment. After considering the parties' arguments and supplemental authorities, the district court in its September 16, 2010 memorandum decision concluded that the City's rejection of proposed plans in two instances does not demonstrate a policy of limiting van Frank's practice of architecture, incidental to which he may engage in engineering, and granted the City's summary judgment motion and denied van Frank's motion.

¶5    On September 29, 2010, van Frank filed a motion for new trial or to reconsider. The district court held oral arguments on the motion and subsequently denied the motion, concluding that van Frank's "Motion for New Trial or to Reconsider [was] not well-taken, either procedurally or substantively." Van Frank now appeals from both the district court's summary judgment and new trial rulings.


ISSUES AND STANDARDS OF REVIEW

¶6    Van Frank first argues that the district court erred by granting the City's motion for summary judgment and denying van Frank's summary judgment motion. "An appellate court reviews a trial court's 'legal conclusions and ultimate grant or denial of summary judgment' for correctness, and views 'the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.'" *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations omitted).

¶7    Van Frank also argues that the court erred by denying his motion for a new trial or to reconsider. "'[T]he trial court's decision to deny [a] . . . motion for a new trial is reviewed under an abuse of discretion standard.'" *State v. Millett*, 2012 UT App 31, ¶ 13, 271 P.3d 178 (alterations in original) (citation omitted). "However, 'we review the legal standards applied by the [trial] court in denying [a] motion [for a new trial] for correctness.'" *Id*. (alterations in original) (citation omitted).


ANALYSIS

¶8    Van Frank generally argues that each of the several district court rulings that he appeals from should be reversed. The City, however, argues that van Frank failed to exhaust his administrative remedies under Salt Lake City Code 18.20.140 and that, therefore, the district court was ultimately correct in dismissing van Frank's claims. We agree with the City.

¶9    "Under Utah law, there is a specific exhaustion requirement with regard to land use decisions: 'No Person may challenge in district court a municipality's land use decision . . . until that person has exhausted the person's administrative remedies . . . .'" *Salt Lake City Mission v. Salt Lake City*, 2008 UT 31, ¶ 6, 184 P.3d 599 (omissions in original) (quoting Utah Code Ann. § 10-9a-801(1) (Supp. 2007)).  The denial of a building permit constitutes a written decision by a land use authority.  *Cf. Fox v. Park City*, 2008 UT 85, ¶ 17, 200 P.3d 182 ("A building permit constitutes a written decision by a land use authority." (internal quotation marks omitted) (citing Utah Code Ann. § 10-9a-103(15) (defining "land use authority" as "a person, board, commission, agency, or other body designated by the local legislative body to act upon a land use application"))).  "Where the legislature has imposed a specific exhaustion requirement . . . we will enforce it strictly."  *Salt Lake City Mission*, 2008 UT 31, ¶ 6 (alterations in original) (internal quotation marks omitted).  "Strict enforcement of this provision dictates that if a party fails to exhaust [its] administrative remedies prior to filing suit, the suit must be dismissed."  *Id.* (alteration in original) (internal quotation marks omitted).

¶10    The process for obtaining a building permit includes submitting an application "accompanied by all required plans, diagrams and other data."  *See* Salt Lake City, Utah, City Code § 18.20.040.  The Salt Lake City Code informs applicants that "[t]he building official may require the plans and other data to be prepared and designed by an engineer or architect licensed by the state to practice as such."  *See id.*  The Salt Lake City Code also provides that if the building official denies or revokes a permit, "[*a*]*ny person adversely affected by the action of the building official* in accordance with the preceding sections *may appeal to the board of appeals and examiners for a hearing* upon such revocation or denial."  *Id.* § 18.20.140 (emphasis added).

¶11    Here, two of van Frank's clients submitted building permit applications accompanied by architectural plans van Frank prepared.  The Division initially denied both building permit requests and allegedly required other data to be prepared by an engineer before granting the permits.  Van Frank asserts on appeal that he was adversely affected by the Division's action.  He argues that when the Division denied the building permits based on van Frank's calculations it imposed an arbitrary restriction of van Frank's architect's license and denied him a property interest in the license because Utah law expressly permits a "licensed architect [to] perform such professional engineering work as is incidental to the practice of architecture."  *See* Utah Code Ann. § 58-3a-102(6)(b) (Supp. 2011) ("'Practice of architecture' does not include the practice of professional engineering as defined in Section 58-22-102, but a licensed architect may perform such professional engineering work as is incidental to the

practice of architecture."). Specifically, van Frank argues that the Division's actions requiring his clients to obtain an engineer's approval of van Frank's calculations denied him the right to engage in the incidental practice of engineering, limited the scope of his architecture license, and damaged his reputation with his clients. As provided in Salt Lake City Code section 18.20.140, van Frank had the right to "appeal to the board of appeals and examiners for a hearing" upon the denial of the building permit, which denial by the building official adversely affected van Frank. *See* Salt Lake City, Utah, City Code § 18.20.140 ("Any person adversely affected by the action of the building official in accordance with the preceding sections may appeal to the board of appeals and examiners for a hearing upon such revocation or denial."). Van Frank did not, however, appeal the Division's decision in either the Thomas or Buchanan matters. By failing to appeal either of the land use decisions van Frank relies upon to assert that the Division restricted his architect's license and denied him a property right in his license, van Frank failed to exhaust his administrative remedies.

¶12    Van Frank argues that the land use case law, discussed above, should not be applied in this matter because it is not relevant to his property interest argument. Van Frank asserts that such case law is inapplicable here because he is not claiming that he is entitled to have a building permit approved. Rather, he is claiming that the Division's policy of processing permit applications arbitrarily restricts his architect's license, thereby infringing his property interest in the license and violating his due process rights. This assertion is without merit. The right to appeal to the board of appeals for a hearing based on a building permit denial includes an array of grievances from "[a]ny person adversely affected" by the denial "in accordance with the preceding sections." *See id.* The preceding section 18.20.040 provides that the Division "may require the plans or other data to be prepared and designed by an engineer." *See id.* § 18.20.040. Thus, the section is relevant to van Frank's argument about the Division's policy of processing building permit applications and issuing building permits. The issuance or denial of a building permit is a land use decision. *Cf. Fox*, 2008 UT 85, ¶ 17. As such, land use case law is relevant to this matter.

¶13    Van Frank does not claim that his failure to exhaust administrative remedies in this case falls under an exception to the exhaustion requirement and should be excused. Consequently, we hold that van Frank's failure to exhaust his administrative remedies prevents him from seeking relief from the courts at this time. As such, we do not reach the merits of van Frank's arguments and affirm the district court's decision to dismiss van Frank's claims.

CONCLUSION

¶14     Van Frank's appeal is based on the Division's decision, in two instances, to deny van Frank's clients' building permit applications, allegedly based on the Division's policy of processing permit applications in a manner that arbitrarily restricted van Frank's right as a licensed architect to perform professional engineering work incidental to the practice of architecture.  By not appealing the Division's decisions to deny the building permits, van Frank failed to exhaust his administrative remedies.  Accordingly, we do not reach the merits of van Frank's arguments.  Instead, we affirm the district court's decision to dismiss van Frank's claims.

¶15     Affirmed.


_____
William A. Thorne Jr., Judge

-----

¶16     WE CONCUR:


_____
Carolyn B. McHugh,
Presiding Judge


_____
Michele M. Christiansen, Judge