IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100160-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 23, 2012) |
| Thomas J. Soules, | ) | |
| | ) | 2012 UT App 238 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 071907617
The Honorable Vernice Trease

Attorneys:    Brittany D. Enniss, Salt Lake City, for Appellant
            Mark L. Shurtleff and Erin Riley, Salt Lake City, for Appellee

-----

Before Judges Voros, Orme, and Davis.

VOROS, Associate Presiding Judge:

¶1      Defendant Thomas J. Soules was convicted of one count of murder, a first degree felony, *see* Utah Code Ann. § 76-5-203 (Supp. 2007) (current version at *id.* (Supp. 2012)); and one count of aggravated robbery, a first degree felony, *see id.* § 76-6-302 (2003) (current version at *id.* (2008)).  Soules asserts three challenges on appeal.  We affirm.[1]

¶2      Soules first contends that the trial court erred in denying his request for a self-defense jury instruction.  A "trial court's refusal to give a jury instruction is a

---

[1]We have determined that "the decisional process would not be significantly aided by oral argument."  Utah R. App. P. 29(a)(3).

question of law, reviewed for correctness." *State v. Burke*, 2011 UT App 168, ¶ 18, 256 P.3d 1102. We also "review for correctness a trial court's statutory interpretation, according it no particular deference." *State v. Hobbs*, 2003 UT App 27, ¶ 10, 64 P.3d 1218 (citation and internal quotation marks omitted).

¶3     The trial court did not err here. In Utah, "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that force is necessary to defend himself or a third person against such other's imminent use of unlawful force." Utah Code Ann. § 76-2-402(1) (2003) (current version at *id.* (Supp. 2012)). However, the defense is not available to a person committing a felony: "A person is not justified in using force . . . if he or she . . . is attempting to commit, committing, or fleeing after the commission or attempted commission of a felony . . . ." *Id.* § 76-2-402(2)(b).

¶4     Soules falls under this exception. He was charged with and convicted of a felony, aggravated robbery. He does not argue on appeal that the facts presented at trial were insufficient to support that conviction. Nor does he dispute that the victim was killed while Soules was "attempting to commit, committing, or fleeing after the commission or attempted commission of a felony." *See id.* Accordingly, Soules was not, as a matter of law, "justified in using force" here. *See id.* He was thus not entitled to a jury instruction on self-defense.

¶5     In addition, self-defense is not available to a charge of felony murder, because felony murder is a strict liability offense. "The felony murder statute automatically enhances the degree of the offense . . . without the necessity of considering a *mens rea* . . . to commit murder." *State v. McCovey*, 803 P.2d 1234, 1238 (Utah 1990). "[F]elony murder requires only the mens rea to commit the underlying felony." *State v. Bluff*, 2002 UT 66, ¶ 23, 52 P.3d 1210. Therefore, as to mental state, the State was required to prove only that Soules acted with the intent to accomplish the predicate crime of aggravated robbery. Under the felony murder rule, Soules's subjective mental state with respect to the killing is irrelevant. Soules is thus not entitled to assert self-defense to a charge of felony murder.

¶6     Soules also contends that he was entitled to a jury instruction on imperfect self-defense. *See* Utah Code Ann. § 76-5-203(4)(a) (Supp. 2007) ("It is an affirmative defense to a charge of murder or attempted murder that the defendant caused the death

of another or attempted to cause the death of another . . . under a reasonable belief that the circumstances provided a legal justification or excuse for his conduct although the conduct was not legally justifiable or excusable under the existing circumstances.") (current version at *id.* (Supp. 2012)).

¶7    Soules did not preserve this claim for appellate review. A party who does not request a jury instruction cannot later complain that it was not given. *See* Utah R. Crim. P. 19(e) ("Unless a party objects to an instruction or the failure to give an instruction, the instruction may not be assigned as error except to avoid a manifest injustice."); *Paulos v. Covenant Transp., Inc.*, 2004 UT App 35, ¶ 10, 86 P.3d 752 ("[T]o assert that the trial court erred in either giving or failing to give an instruction, a party must first submit correct instructions and then, should the court fail to give them, timely except." (citation and internal quotation marks omitted)); *cf. State v. Santonio*, 2011 UT App 385, ¶¶ 25–29, 265 P.3d 822 (holding that defendant's proposal of a jury instruction on the elements of attempt as a lesser offense did not preserve a challenge to the court's failure to give an instruction defining "attempt" as part of the charged crime), *cert. denied*, 275 P.3d 1019 (Utah 2012). Soules did not request a jury instruction on imperfect self-defense.

¶8    Soules did, however, request a jury instruction on perfect self-defense, and he argues on appeal that under *State v. Low*, 2008 UT 58, 192 P.3d 867, a request for a perfect self-defense instruction is necessarily a request for an imperfect self-defense instruction also. The holding and analysis of *Low* on which Soules relies did not address preservation.[2] In *Low*, the defendant introduced evidence that he shot the victim in self-defense, but opposed a jury instruction on imperfect self-defense. *See id.* ¶ 34. On appeal, the supreme court held that "when a defendant presents evidence of perfect self-defense, he necessarily presents evidence of imperfect self-defense, and the prosecution is entitled to a jury instruction on imperfect self-defense, even over the defendant's objection." *Id.* ¶ 33. *Low* thus addresses when a party is entitled to request an imperfect self-defense instruction, not when a party has in fact requested one. We decline to hold under *Low* that a request for a perfect self-defense instruction constitutes a request for an imperfect self-defense instruction as well. Accordingly, Soules failed to

---

[2]Although the court in *State v. Low*, 2008 UT 58, 192 P.3d 867, reviewed the defendant's claim for plain error, Soules relies on the court's discussion of the merits of Low's claim of error, not its discussion of whether the claim was preserved. *Compare id.* ¶¶ 16–18, *with id.* ¶¶ 21–34.

preserve this claim. "[W]here a defendant has failed to preserve an objection, we will not review his claim unless he can demonstrate plain error or exceptional circumstances." *State v. Weaver*, 2005 UT 49, ¶ 6, 122 P.3d 566. Soules does not assert plain error or exceptional circumstances. Therefore, we do not address the merits of his imperfect self-defense claim.

¶9      Finally, Soules contends that the trial court erred by not merging his aggravated robbery conviction with his felony murder conviction. Merger is "a matter of statutory interpretation, a legal question, which [is] review[ed] for correctness." *Bluff*, 2002 UT 66, ¶ 37. Soules has not preserved this claim. "In order to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main Street v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (brackets, citation, and internal quotation marks omitted). Among other things, this standard requires that the issue be "specifically raised." *See id.* (citation and internal quotation marks omitted). Soules asserts that his merger argument was preserved during the sentencing hearing. However, at sentencing, defense counsel merely asked the court to run the sentences concurrently. Soules never argued below that the aggravated robbery and felony murder convictions merged. Asking for sentences for the two crimes to run concurrently does not specifically raise the issue of merger. On the contrary, it seems to recognize that each crime is distinct.

¶10      Soules alternatively argues that the trial court plainly erred in not sua sponte merging his two convictions. To prevail under plain error review, "the appellant must show the following: (i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993). An error is obvious when "the law governing the error was clear at the time the alleged error was made." *State v. Dean*, 2004 UT 63, ¶ 16, 95 P.3d 276.

¶11      Any error on this point cannot have been obvious here. The trial court followed controlling case law. *State v. McCovey*, 803 P.2d 1234 (Utah 1990), holds that aggravated robbery does not merge with felony murder, because "the predicate felonies listed in the second degree felony murder statute are . . . enhancing factors" and "enhancement statutes are different in nature than other criminal statutes" and thus do not merge with the greater offense. *Id.* at 1237–38. Soules correctly observes that after *McCovey*, the Utah Supreme Court adopted a new analytical approach to merger. *See State v. Smith*,

2005 UT 57, ¶¶ 9–11, 122 P.3d 615.  In doing so, however, the court "express[ed] no opinion on whether the felony murder statute at issue in *McCovey* would be considered an enhancement statute"—not requiring merger—under the new analytical approach. *See id.* ¶ 11 n.4.  It would thus not have been obvious to the trial court—nor is it to us—that *McCovey* was no longer good law on this point.

¶12    Affirmed.


_____

J. Frederic Voros Jr.,
Associate Presiding Judge


-----

¶13    WE CONCUR:


_____

Gregory K. Orme, Judge


_____

James Z. Davis, Judge