2013 UT App 4

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

TRAVIS PATRICK HALL,

*Defendant and Appellant.*

Opinion
No. 20100221-CA
Filed January 10, 2013

Second District, Farmington Department
The Honorable Jon M. Memmott
No. 091700071

Scott L. Wiggins, Attorney for Appellant
John E. Swallow and Karen A. Klucznik, Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES JAMES Z. DAVIS
and CAROLYN B. MCHUGH concurred.

VOROS, Judge:

¶1     Travis Patrick Hall appeals his conviction for aggravated assault, a third degree felony, arising from a fight with his employer at a pizza restaurant. He claims that the trial court erred by not instructing the jury on self-defense and in not properly handling his complaints about trial counsel. We affirm.

BACKGROUND

¶2    Hall was employed as a delivery driver by a pizza franchise. His scheduled hours had been reduced, he believed, in retaliation for complaints he had voiced. Seeking more work hours, Hall met with one of the four owners of the franchise (Owner) and his area manager (Manager). The three stepped outside the restaurant to discuss Hall's request. The discussion became heated. Owner ordered Manager to replace Hall for the day, and Manager went inside to do so. Owner told Hall, "If you don't like working for my company, get out." Hall asked, "Why you got a problem, man?" Owner began to reply, "Because—" but was cut off. Four seconds later, Owner screamed.[1]

¶3    On her way back out of the building, Manager saw Hall hit Owner's face once and cock his fist for a second blow. She told a coworker to call 911. Manager found Owner lying on the ground with "blood everywhere." Owner was "bleeding quite a bit," had two black eyes, had a "pretty severe laceration on his lip," and sustained a broken jaw. He later needed surgery to permanently implant a titanium plate, recast his nose, and wire his mouth shut for three weeks.

¶4    Hall was charged with aggravated assault resulting in serious bodily injury, a second degree felony. *See* Utah Code Ann. § 76-5-103 (LexisNexis 2008).[2] The jury was instructed on this charge as well as several lesser included offenses: aggravated assault (a third degree felony), assault causing substantial bodily injury (a class A misdemeanor), and assault (a class B misdemeanor). During closing arguments, Hall's counsel argued that none of these offenses "actually fit . . . and in fact what [Hall] did

---

1. An audio recording of the encounter was admitted into evidence.

2. We cite the version of the Utah Code in effect at the time of the events giving rise to this case.

was something any of us would do, try to protect ourselves when somebody came after us." In rebuttal, the prosecutor stated, "There's no question that serious bodily injury was caused. There's no question that the defendant caused it and there's no question that it was [not] self defense." Defense counsel did not request, and the trial court did not give, a self-defense instruction.

¶5      The jury convicted Hall of the lesser included offense of aggravated assault (a third degree felony). In so doing, the jury found that Hall had used "means or force likely to produce death or serious bodily injury." *See id.* § 76-5-103(1)(b), -(3).

¶6      At sentencing, Hall surprised his counsel by announcing his intention to proceed pro se and to move for a new trial. Hall alleged that his counsel was "insufficient" and that perjury and forgery were "entered in as evidence." Hall's counsel responded that he had "talked to [Hall] this morning about the sentence, what we were going to argue. This is the first time he's said anything to me about [the motions]." After a brief discussion, Hall allowed his counsel to represent him at sentencing.

¶7      Immediately after sentence was pronounced, Hall filed two written pro se motions: a motion to proceed pro se and a motion for a new trial. The latter claimed, among numerous other complaints, that his trial counsel had been ineffective and that the trial court had committed plain error by not instructing the jury on self-defense. In addition, the following day, Hall sent a letter to the trial court requesting that the State "let me handle stuff myself or . . . supply me with sufficient [counsel] to handle it." The trial court did not appoint conflict counsel or otherwise act on Hall's motion to proceed pro se. But it denied Hall's motion for a new trial. Both the State's response and the trial court's ruling were mailed to Hall and not to his counsel.

ISSUES AND STANDARDS OF REVIEW

¶8      Hall contends that the trial court erred as a matter of law by failing to inquire into his dissatisfaction with counsel. Whether a trial court should have inquired further into a defendant's dissatisfaction with counsel is reviewed for an abuse of discretion. *See State v. Vessey*, 967 P.2d 960, 962 (Utah Ct. App. 1998).

¶9      Hall also contends that he was unlawfully denied a jury instruction on self-defense. He frames this issue three ways, arguing (1) that the trial court committed plain error by not sua sponte giving the instruction, (2) that his trial counsel performed ineffectively by not requesting the instruction, and (3) that the court abused its discretion in denying his motion for a new trial based on the absence of the instruction. To prove plain error, an appellant must show that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful . . . ." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993). When a trial court has ruled on an ineffective assistance claim, we review the trial court's findings of fact, if any, for clear error and its legal conclusions for correctness. *State v. Templin*, 805 P.2d 182, 186 (Utah 1990). We review a "trial court's decision to deny [a] . . . motion for a new trial . . . under an abuse of discretion standard. However, we review the legal standards applied by the [trial] court in denying [a] motion [for a new trial] for correctness." *Van Frank v. Salt Lake City Corp.*, 2012 UT App 188, ¶ 7, 283 P.3d 535 (alterations and first omission in original) (citations and internal quotation marks omitted).

¶10     Finally, Hall contends that the trial court plainly erred by denying his pro se motion for a new trial without first obtaining a knowing and intelligent waiver of his right to counsel. To prove plain error, an appellant must show that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful . . . ." *Dunn*, 850 P.2d at 1208.

ANALYSIS

## I. Post-Trial Complaints About Counsel's Trial Performance Must Be Raised as Ineffectiveness Claims.

¶11　Hall contends that the trial court erred by failing to inquire into his dissatisfaction with counsel. Hall expressed his dissatisfaction with appointed counsel in two ways: by motion and by letter. Immediately after sentencing, Hall filed a one-page motion to proceed pro se and an eighty-three-page (with exhibits) pro se motion for a new trial. This motion alleged his trial counsel's ineffectiveness before and during trial. As relevant to this appeal, Hall complained that his counsel failed to request a jury instruction on self-defense. The following day, he wrote a letter to the trial court stating that he had "called and stopped by [appointed counsel's] office repeatedly[, but] he would never return my calls." The trial court denied the pro se motion for a new trial on the ground that, given the strength of the evidence against Hall at trial, any error was harmless. However, the court did not address the merits of the complaints stated in Hall's letter. Hall now argues that the trial court erred in not inquiring specifically into those concerns.

¶12　"In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI; *see also* Utah Const. art. I, § 12. Indigent defendants are entitled to appointed counsel. *Gideon v. Wainwright*, 372 U.S. 335, 340, 344–45 (1963). However, "[w]hile an indigent defendant has a right to have counsel appointed to represent him, he does not have a constitutional right to a lawyer other than the one appointed, absent good cause." *State v. Pursifell*, 746 P.2d 270, 272 (Utah Ct. App. 1987) (citation omitted). Good cause for substitution of appointed counsel includes "'a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.'" *State v. Lovell*, 1999 UT 40, ¶ 31, 984 P.2d 382 (quoting *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)).

¶13    In *Pursifell*, we held that when a defendant expresses dissatisfaction with appointed counsel, the trial court "must make some reasonable, non-suggestive efforts to determine the nature of the defendant's complaints and to apprise itself of the facts necessary to determine whether the defendant's relationship with his or her appointed attorney has deteriorated to the point that sound discretion requires substitution or even to such an extent that his or her Sixth Amendment right to counsel would be violated but for substitution." *Pursifell*, 746 P.2d at 273. This is because "[w]hen a defendant is forced to stand trial with the assistance of an attorney with whom he has become embroiled in an irreconcilable conflict, he is deprived of the effective assistance of any counsel . . . ." *Id.* at 274 (citation and internal quotation marks omitted).

¶14    However, in *State v. Franco*, 2012 UT App 200, 283 P.3d 1004, we clarified that the *Pursifell* procedure does not apply in cases where the defendant raises his dissatisfaction with counsel's trial performance after the trial is complete.[3] *See Franco*, 2012 UT App 200, ¶¶ 3–5. "When a defendant's complaints about counsel's trial performance are disclosed after the trial has ended, his or her remedy lies in an appeal challenging the effectiveness of counsel's assistance." *Id.* The reason for this distinction is evident: post-trial substitution of counsel cannot protect a defendant's right to adequate representation at trial. At that stage, the question is not whether a defendant is entitled to replacement counsel, but whether his trial counsel functioned "as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

---

3. *Franco* was issued after the present case was briefed but before it was argued. The State filed a letter of supplemental authority pursuant to rule 24(j) of the Utah Rules of Appellate Procedure to alert this court to the case. Hall did not file a response or request supplemental briefing, nor does he argue that *Franco* is inapplicable here.

¶15    The present claim of error is governed by *Franco*, not *Pursifell*. In fact, if *Pursifell* did not control in *Franco*, a fortiori it does not control here. Franco alerted the court to his complaints about counsel's trial performance after trial but before sentencing; Hall alerted the court to his complaints about counsel's trial performance after sentencing. In fact, he agreed on the record to his trial counsel representing him at sentencing. Thus, as in *Franco*, "any prejudicial impact on the trial ha[d] already occurred." *Franco*, 2012 UT App 200, ¶ 5. Accordingly, Hall's "remedy lies in an appeal challenging the effectiveness of counsel's assistance." *Id.* Therefore, the trial court did not abuse its discretion by failing to inquire as to whether good cause required substitution of counsel.[4]

¶16    On appeal, Hall does not claim that his trial counsel's uncommunicativeness deprived him of his Sixth Amendment right to counsel. But he does claim that his counsel's failure to request a jury instruction on self-defense did. Accordingly, we move on to his self-defense claim.

II. The Absence of a Self-Defense Instruction Was Harmless.

¶17    Hall contends that he was unlawfully denied a jury instruction on self-defense. He frames this issue three ways, arguing (1) that the trial court committed plain error by not sua sponte giving the instruction, (2) that his trial counsel performed ineffectively by failing to request the instruction, and (3) that the

---

4. A claim of ineffective assistance need not necessarily wait for an appeal. A defendant who believes his trial counsel was ineffective could request substitute counsel for the purpose of filing a motion for a new trial on that ground. Where a claim depends on extra-record facts, raising it in a post-trial motion would allow the trial court to find the relevant facts. Also, the defendant will still enjoy the benefit of appointed counsel at that stage, unlike most post-conviction proceedings. *See generally* Post-Conviction Remedies Act, Utah Code Ann. §§ 78B-9-109, -202 (LexisNexis 2008); *Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150.

court abused its discretion in denying his motion for a new trial based on the absence of the instruction. The State responds that Hall approved the jury instructions at trial. Thus, it argues, Hall's claims that the court erred must be rejected under the invited error doctrine. In addition, the State argues that Hall has failed to demonstrate ineffective assistance of counsel.

¶18　"When a criminal defendant requests a jury instruction regarding a particular affirmative defense, the court is obligated to give the instruction if evidence has been presented . . . that provides any reasonable basis upon which a jury could conclude that the affirmative defense applies . . . ." *State v. Low*, 2008 UT 58, ¶ 25, 192 P.3d 867 (citing *State v. Knoll*, 712 P.2d 211, 214 (Utah 1985)). "[T]o preserve an issue involving a jury instruction, the objecting party must make an objection in the trial court, stating distinctly the matter to which he objects and the ground of his objection." *State v. Rudolph*, 970 P.2d 1221, 1227 (Utah 1998) (citation, emphasis, and internal quotation marks omitted). Moreover, a "party who does not request a jury instruction cannot later complain that it was not given," except to avoid manifest injustice. *State v. Soules*, 2012 UT App 238, ¶ 7, 286 P.3d 25. "Manifest injustice is synonymous with the plain error standard . . . ." *State v. Jimenez,* 2012 UT 41, ¶ 20, 284 P.3d 640. Plain error requires a showing that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful . . . ." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993).

¶19　To establish ineffective assistance of counsel, a defendant must show that (1) "counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'" and (2) "counsel's performance was prejudicial in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Menzies v. Galetka*, 2006 UT 81, ¶ 87, 150 P.3d 480 (quoting *Strickland v. Washington*, 466 U.S. 668, 688–89, 694 (1984)). "The prejudice test for ineffective assistance of counsel claims is equivalent to the harmfulness test applied in assessing plain error." *State v. Parker*,

2000 UT 51, ¶ 10, 4 P.3d 778. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

¶20    We follow that course here. Hall claims that if the jury had been instructed on self-defense, "there is a reasonable likelihood that the jury could have entertained a reasonable doubt as to whether [Hall] acted in self-defense—thus requiring acquittal." The State responds that, even if the instruction had been given, the jury would not have acquitted Hall. This is so, the State maintains, because the jury found that Hall had used force likely to produce death or serious bodily injury, and even Hall does not claim that such force was required to prevent death or serious bodily injury under the circumstances of this case. We agree with the State.

¶21    The jury convicted Hall of aggravated assault.[5] It could do so only if it found that Hall had used "other means or force likely to produce death or serious bodily injury."[6] *See* Utah Code Ann. § 76-5-103(1)(b) (LexisNexis 2008). Under Utah law, a person may use force likely to cause death or serious bodily injury only when he reasonably believes it necessary to prevent death or serious bodily injury:

> [A] person is justified in using force intended or likely to cause death or serious bodily injury only if he or she reasonably believes that force is necessary to prevent death or serious

---

5. The jury apparently rejected Hall's defense theory that Owner attacked Hall, that Owner's own momentum caused him to "impact[] the wall facial[ly]," and that Owner's injuries were therefore largely self-inflicted.

6. Hall does not challenge this finding on appeal or contend that it was somehow tainted by the lack of a self-defense instruction.

> bodily injury to himself or a third person as a result of the other's imminent use of unlawful force, or to prevent the commission of a forcible felony.

Utah Code Ann. § 76-2-402(1) (LexisNexis 2008). Thus, Hall's use of force could qualify as self-defense only if he reasonably believed it was necessary to prevent death or serious bodily injury. But Hall presented no evidence that would support a finding that he believed—reasonably or otherwise—that his use of force was necessary to prevent death or serious bodily injury. According to Hall's testimony, Owner had *previously* issued oral threats of serious bodily harm or death, Owner waved his hands near Hall, and Owner shoved and slapped Hall. This is not a description of imminent force reasonably likely to cause death or serious bodily injury. Indeed, on appeal, even in the face of the State's challenge to identify any evidence capable of supporting a finding that Hall's use of force was necessary to prevent death or serious bodily injury, he points to none.

¶22   Consequently, the trial evidence, even viewed in the light most favorable to Hall, could not have created a reasonable doubt based on the theory that Hall acted in self-defense under Utah Code section 76-2-402(1). Accordingly, Hall has not demonstrated a reasonable probability that the trial outcome would have differed had the instruction been given. It follows that his plain error and ineffective assistance of counsel claims fail.

¶23   Further, we affirm the trial court's denial of Hall's motion for a new trial based on the absence of a self-defense instruction. The trial court denied the motion on the ground that, given the strength of the evidence against Hall at trial, any error was harmless. As explained above, we agree with this conclusion,

although we take a slightly different path to it.[7] *See Bailey v. Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158 (stating that an appellate court may affirm the decision of the trial court on any ground apparent from the record).

### III. Hall Did Not Waive Counsel or Proceed Pro Se.

¶24    Finally, Hall contends that the trial court erred by failing to obtain a knowing and intelligent waiver of his right to counsel before allowing him to proceed pro se on his motion for a new trial. Hall argues that his appointed counsel was "effectively allowed to withdraw as counsel on the date of sentencing" when the trial court ruled on his pro se motion for a new trial. The State responds that the court had no duty to obtain a waiver of counsel before considering Hall's pro se new trial motion, because Hall was in fact represented at the time. Again, we agree with the State.

¶25    Under both the United States and Utah Constitutions, a criminal defendant has the right to assistance of counsel. *See* U.S. Const. amend. VI; Utah Const. art. I, § 12. "Concomitant with that right is the criminal defendant's guaranteed right to elect to present his own defense." *State v. Hassan*, 2004 UT 99, ¶ 21, 108 P.3d 695 (citing Utah Code Ann. § 77-1-6(1)(a); *Faretta v. California*, 422 U.S. 806, 818–21 (1975)). "It is the solemn duty of the trial court to balance these dual guarantees by ensuring that the defendant is exercising his right to self-representation voluntarily, knowingly, and intelligently," *id.*, before he exercises his right to "waive [his] right to the assistance of counsel and proceed pro se." *State v. Pedockie*, 2006 UT 28, ¶ 26, 137 P.3d 716.

---

7. Because we conclude that any error in omitting the self-defense instruction was harmless, we need not reach the State's arguments that the error was invited and that the exception to the waiver doctrine recognized in *State v. Belgard*, 830 P.2d 264, 266 (Utah 1992) (per curiam), and *State v. Matsamas*, 808 P.2d 1048, 1053 (Utah 1991), should not extend to invited errors.

¶26    Here, however, Hall did not present his own defense, waive his right to the assistance of counsel, or proceed pro se. Both at trial and at sentencing Hall was indisputably represented by counsel. After sentencing, Hall did file two pro se motions: a motion to proceed pro se and a motion for a new trial. The trial court did not rule on the motion to proceed pro se, and Hall does not challenge this omission on appeal. The trial court denied the pro se motion for a new trial. In so doing, Hall contends, the trial court effectively permitted him to proceed pro se without the required safeguards.

¶27    Though creative, Hall's argument is unpersuasive. He cites no authority for the proposition that denial of a pro se motion transforms a represented defendant into a pro se defendant. In fact, the most accurate description of what happened here is that the trial court denied a pro se motion from a represented defendant.[8] Moreover, any possible error was harmless. As shown above, even as reformulated by experienced appellate counsel, Hall's self-defense argument cannot overcome the unchallenged jury finding on deadly force.

CONCLUSION

¶28    We affirm on all issues. The trial court had no *Pursifell* duty to inquire into Hall's post-sentencing expression of dissatisfaction with counsel; the sole remedy available to him at that point was an ineffective assistance of counsel claim. Furthermore, in light of the jury finding on deadly force, Hall has not demonstrated that the

---

8. The court probably should not have considered the motion at all. "'When a defendant is represented by counsel, he generally has no authority to file pro se motions, and the court should not consider them.'" *State v. Wareham*, 2006 UT App 327, ¶ 33, 143 P.3d 302 (quoting with approval *People v. Serio*, 830 N.E.2d 749, 757 (Ill. App. Ct. 2005)). "The only exception to this rule is that a defendant may file a pro se motion to disqualify his appointed counsel." *Id.*

omission of a self-defense instruction prejudiced him. Finally, because Hall was represented at trial, at sentencing, and at the time he filed his pro se motion for a new trial, the trial court had no duty to obtain his knowing and intelligent waiver of his right to counsel.

¶29    Affirmed.

———————