IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84953-1-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CROUCH, ANTHONY ALLEN,<br>DOB: 02/20/1977, | |
| Appellant. | |

BOWMAN, J. — Anthony Allen Crouch appeals his jury conviction for first degree sexual misconduct with a minor for having sexual intercourse with his foster child, J.M. He argues that the trial court's jury instructions were deficient because the "to convict" instruction did not require that the victim be under the age of 18 and no instruction defined "foster child." In the alternative, Crouch argues that insufficient evidence supports the jury's determination that J.M. was "his foster child." In a statement of additional grounds for review (SAG), Crouch argues the trial court erred by admitting hearsay evidence, the trial judge was biased, and the prosecutor committed misconduct. Finding no error, we affirm.

FACTS

Crouch and his then-partner, Kylee Allen, were licensed foster parents in Washington. In February 2014, the State placed 15-year-old J.M. in Crouch and Allen's foster care. Allen also had three biological children, and Crouch and Allen had one adopted child and one other foster child. They lived together as a

family in Arlington until about February 2017, when Crouch and Allen separated. Crouch moved out of the home and into a trailer in Stanwood. In February 2017, J.M. turned 18 but remained in "extended" foster placement.

In May 2017, J.M. disclosed to Allen that Crouch had been having sex with her since early 2016. Allen immediately reported J.M.'s disclosure to Child Protective Services (CPS). CPS then contacted law enforcement. And in January 2019, the State charged Crouch with first degree sexual misconduct with a minor under RCW 9A.44.093.

In November 2022, a few days before trial, the State amended the information to add three more counts of first degree sexual misconduct with a minor. All four counts alleged violation of RCW 9A.44.093(1)(c), stating Crouch was "a foster parent" and J.M. was "his foster child, who was at least [16] years old at the time of the sexual intercourse." Counts 1, 2, and 3 added the aggravating factor that the crimes were part of an "ongoing pattern of sexual abuse of the same victim under the age of 18." Count 4 did not include the aggravator.

At the jury trial, J.M. testified that she and Crouch "cuddled" often. But starting in summer 2016, when she was 17 years old, she and Crouch had sexual contact about three times a week, usually when Allen was at work. And in May 2017, a couple of months after J.M. turned 18, Crouch had sex with her in his trailer. Crouch also testified. He denied any sexual contact with J.M. During closing, the State clarified for the jury that count 4 "relates to the incident in the trailer when [J.M.] was over the age of 18."

2

A jury acquitted Crouch of the first three counts but convicted him on count 4. The court sentenced him to a standard-range sentence of 12 months' confinement. Crouch appeals.

ANALYSIS

Crouch argues the trial court erred because it did not properly instruct the jury that the State had to prove J.M. was under the age of 18 at the time of the incidents and failed to define "foster child." In the alternative, Crouch argues sufficient evidence does not support finding that J.M. was "his foster child."

1. Jury Instructions

Crouch first argues that the trial court's "to convict" instruction was deficient because it did not tell the jury that under RCW 9A.44.093(1)(c), "child" means a person under the age of 18.[1] We decline to address the issue because Crouch invited any error.

When a trial court fails to include an essential element in a to-convict jury instruction, it is a manifest constitutional error that requires reversal. *State v. Smith*, 131 Wn.2d 258, 265, 930 P.2d 917 (1997). But a party may not request an instruction and later complain on appeal that the trial court gave their requested instruction. *City of Seattle v. Patu*, 147 Wn.2d 717, 721, 58 P.3d 273 (2002). So, when a defendant proposes an instruction identical to the instruction the trial court gives, the invited error doctrine bars us from reversing the conviction for instructional error. *State v. Summers*, 107 Wn. App. 373, 381, 28

---

[1] A person commits sexual misconduct with a minor in the first degree under RCW 9A.44.093(1)(c) when he "is a foster parent who has . . . sexual intercourse with his or her foster child who is at least [16]."

P.3d 780 (2001). That is true even if the defendant requests a standard Washington pattern jury instruction. *Id.*

Here, in relevant part, instruction 10 told the jury that to convict Crouch of first degree sexual misconduct with a minor, the State must prove beyond a reasonable doubt that he "was a foster parent of J.M." But Crouch also proposed his own to-convict instruction that required the State to prove that he "was a foster parent of [J.M.]." And his proposed instruction did not separately require the State to prove that J.M. was under the age of 18. So, even assuming the trial court's instruction omitted an essential element of the crime, Crouch invited any error, and we are barred from considering this assignment of error.[2]

2. Sufficiency of the Evidence

Crouch argues that sufficient evidence does not show J.M. was "his foster child" at the time he had sex with her. We disagree.

In a criminal case, the State must provide sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *State v. Jones*, 13 Wn. App. 2d 386, 398, 463 P.3d 738 (2020). In reviewing a challenge to the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found

---

[2] Crouch also argues that the trial court erred by failing to define "foster child." According to Crouch, if a victim is over the age of 18, the State must show that the victim is in an "extended foster care" program. But Crouch offered no such instruction. Nor did he challenge the court's failure to give one. Because there is no constitutional requirement to *define* for a jury the elements of a charged crime, we will not address the issue for the first time on appeal. *See State v. Whitaker*, 133 Wn. App. 199, 232, 135 P.3d 923 (2006) (while the constitution requires the court to instruct the jury on each element of the charged crime, there is no constitutional requirement to define those elements for a jury, so a defendant may not raise the absence of a definitional instruction for the first time on appeal).

guilt beyond a reasonable doubt.  *Id.* at 389-99.  We draw all reasonable inferences from the evidence in favor of the State and interpret the evidence most strongly against the defendant.  *Id.* at 399.  And we defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence.  *Id.*

Here, the court instructed the jury on count 4 that the State must prove Crouch "had sexual intercourse with J.M.," that it occurred between January 2016 and May 2017 "in an act separate and distinct from those alleged in Counts 1, 2, and 3," that "J.M. was at least [16] years old at the time of the sexual intercourse," that Crouch "was a foster parent of J.M," and that "this act occurred in the State of Washington."  Crouch does not dispute that sufficient evidence supports he had sexual intercourse with J.M. in the state of Washington when she was at least 16 years old.  He argues only that insufficient evidence shows that he was J.M.'s foster parent.  The record does not support his argument.

At the 2022 trial, J.M. testified that the State removed her from her biological parents' home and placed her into Crouch and Allen's foster care when she was 15 years old.  She testified that Allen is "still" her "foster mom" and that Crouch is her "foster father."[3]  And Allen testified that J.M. is her "daughter," that the state "placed [J.M.] in foster care around February of 2014," and that she and Crouch were J.M.'s "foster parent[s]."  Further, Shannon Hamilton, a CPS investigator who interviewed J.M. about the incident, testified that J.M. was in "extended foster care," a program that "allows a youth to stay in foster care over

---

[3] J.M. also considered the other children her "foster" siblings.

the age of 18" and "up to the age of 21." She said she knew J.M. was "enrolled" in the program because "[J.M.] was in foster care, and she was over the age of 18."[4] On follow-up questioning, Hamilton again affirmed that J.M. was over 18 but "still under the purview of foster care."

Sufficient evidence supports the jury's determination that Crouch was J.M.'s foster father when he had sex with her.

3. SAG

In a SAG, Crouch argues that the trial court erred by admitting hearsay evidence, that the trial judge was biased, and that the prosecutor committed misconduct. We find no error.

First, Crouch argues that the trial court allowed a detective to testify about inadmissible hearsay. The detective told the jury that during his investigation, he called Crouch on the phone. Crouch told the detective that he " 'didn't do anything' " with J.M. until " 'after she was 18.' " Crouch did not object to the testimony as hearsay at trial. But even if he had, the statement was admissible as a statement by a party opponent. *See* ER 801(d)(2)(i) (a party's own

---

[4] Crouch argues that the trial court abused its discretion by overruling his objection that Hamilton lacked the necessary foundation to testify that J.M. was enrolled in extended foster care. He contends that "[t]here are specific requirements for the extended foster care program," and that there was no evidence that J.M. fit the eligibility criteria. But a witness' own testimony can establish foundation. ER 602. And a court should exclude testimony only if no trier of fact could reasonably find that the witness had firsthand knowledge of the events in question. *State v. Vaughn*, 101 Wn.2d 604, 611-12, 682 P.2d 878 (1984). Here, Hamilton testified that it was her job to investigate foster care abuse, that she identified Crouch as J.M.'s foster father during her investigation of J.M.'s abuse, that Crouch became the subject of Hamilton's investigation, and that she determined J.M. was over the age of 18 and still in foster care during the abuse. Because a trier of fact could reasonably find that Hamilton had personal knowledge that Crouch was J.M.'s foster father, the court did not abuse its discretion by overruling Crouch's objection to lack of foundation.

statement that is offered against the party is not hearsay). The court did not allow inadmissible hearsay.

Crouch next argues that the trial judge was biased against him because she overruled many of his objections at trial. The federal and state constitutions guarantee a criminal defendant's right to be tried and sentenced by an impartial court. U.S. CONST. amends. VI, XIV; WASH. CONST. art. I, § 22. A court must also appear to be impartial. *State v. Solis-Diaz*, 187 Wn.2d 535, 540, 387 P.3d 703 (2017). But the party asserting a violation of the appearance of fairness must show a judge's actual or potential bias. *Id.* And a trial court's rulings against a party are generally not evidence of actual or potential bias. *See Santos v. Dean*, 96 Wn. App. 849, 857, 982 P.2d 632 (1999) (while Division Three would have "concluded differently than the trial court" on summary judgment, "that does not establish evidence of [the trial judge's] actual or potential bias"). Crouch fails to show judicial bias.

Finally, Crouch argues that the prosecutor committed misconduct by "lying during closing arguments" when she said that Crouch admitted in a text message to having sex with J.M. According to Crouch, his admission was made during "a[n] alleged phone call with [a detective]," not by text message. A defendant alleging prosecutorial misconduct must show that the comments were both improper and prejudicial. *State v. Lindsay*, 180 Wn.2d 423, 430, 326 P.3d 125 (2014). Crouch shows neither. So, he cannot show prosecutorial misconduct.

Because the invited error doctrine bars Crouch from challenging the trial court's jury instructions, we do not address that assignment of error. And

because sufficient evidence supports the jury finding that Crouch was J.M.'s foster father at the time of the incident, and Crouch identifies no error in his SAG, we affirm his conviction.

_____ Brennan, J

WE CONCUR:

_____
Díaz, J.

_____
Smith, C.J.